### SKIERA v NATIONAL INDEMNITY COMPANY

Docket No. 94853. Submitted November 3, 1987, at Lansing. Decided December 9, 1987.

Dennis Skiera died as a result of injuries received in a motor vehicle accident. The decedent was a passenger in a truck driven by Leroy Nakoneczny and owned by Leroy's brother, Jerome. At the time of the accident, Leroy was in the course of his employment with another brother, Richard. The vehicle was apparently on loan from Jerome to Richard's business while Richard's own vehicle was being repaired. Plaintiff, Janis Skiera, administratrix of the decedent's estate, thereafter filed a suit against Leroy, Jerome and Jerome's business, Jerry's Trucking. A settlement was reached with the insurer of the truck, State Farm Mutual Automobile Insurance Company, for $195,000. The settlement contained a conditional covenant not to sue Leroy, Jerome or Jerry's Trucking to the extent that there is not additional insurance coverage available over and above that coverage provided by State Farm. Plaintiff then brought an action in the Alpena Circuit Court seeking a declaratory judgment that the defendant insurers named therein provided liability coverage which was applicable to the accident, thus allowing plaintiff to seek an additional recovery under the covenant not to sue. Named as defendants were: National Indemnity Company, the insurer of Richard's truck when Richard and Leroy resided together; Lake States Mutual Insurance Company, the insurer of Richard's personal vehicle when Richard and Leroy resided together; Michigan Mutual Insurance Company, the insurer of the personal vehicle of Cynthia Nakoneczny, Leroy's sister who resided with Leroy; and Auto-Owners Insurance Company, the insurer of the personal vehicle of Laura Nakoneczny, Leroy's mother, who also resided with Leroy. The trial court, Robert R. Ferguson, J., thereafter granted the defendants' motion for summary disposi-

REFERENCES

Am Jur 2d, Declaratory Judgments §§ 6, 10, 11, 79-86.

Supreme Court's view as to what is a "case or controversy" within the meaning of Article III of the Federal Constitution or an "actual controversy" within the meaning of the Declaratory Judgment Act (28 USCS sec. 2201). 40 L Ed 2d 783.

tion based on lack of capacity to sue and the lack of an actual controversy. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court correctly determined that all of the interested parties were not before the court and that there was not an actual controversy between plaintiff and the defendants.

2. It would be inequitable to require a party to defend itself in a declaratory judgment action where the desired purpose is to prevent a breach of a contract between the plaintiff and a third party.

3. Plaintiff sued the wrong parties. She had no claim against the insurers until and unless she obtained a judgment against the insureds. She should have directly sued the tortfeasors and left it to the trial court in that action to determine whether the covenant not to sue was applicable.

Affirmed.

1. DECLARATORY JUDGMENTS — ACTUAL CONTROVERSIES — PARTIES.

The grant of a declaratory judgment is discretionary with the trial court and, in any event, can only be granted where there is an actual controversy and all the interested parties are before the court.

2. DECLARATORY JUDGMENTS — PURPOSE.

The purpose of a declaratory judgment is to enable parties, in appropriate circumstances of actual controversy, to obtain an adjudication of their rights before actual injury occurs, to settle matters before they ripen into violations of law or a breach of contractual duty, to avoid a multiplicity of actions by affording a remedy for declaring in one expedient action the rights and obligations of all litigants, or to avoid the strictures associated with obtaining coercive relief, when coercive relief is neither desired nor necessary to resolve the matter; the breach of contract referred to is normally one where the contemplated conduct or inaction by the plaintiff affects a contract between the plaintiff and the defendant, not between plaintiff and a third party.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman* and *Mark Jacobs*), for plaintiff.

*Boyce, White & Werth* (by *Daniel W. White*), for National Indemnity Company.

*DuBois, Westerman & Cooper, P.C.* (by *Steve R. DuBois*), for Auto-Owners Insurance Company.

*Michael N. Freel, P.C.* (by *Michael N. Freel*), for Lake States Mutual Insurance Company.

*Collison, Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for Michigan Mutual Insurance Company.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. Plaintiff appeals from the trial court's granting of summary disposition in favor of defendants pursuant to MCR 2.116(C)(5) and (8), based upon plaintiff's lack of capacity to sue and the lack of an actual controversy. We affirm.

Plaintiff's decedent died as a result of injuries sustained in a motor vehicle accident in March, 1978. The decedent, Dennis Skiera, was a passenger in a tractor-trailer being driven by Leroy Nakoneczny and owned by Leroy's brother, Jerome. At the time of the accident, Leroy was in the course of his employment with another brother, Richard (the vehicle was apparently on loan from Jerome to Richard's business while Richard's own vehicle was being repaired).

In 1980, plaintiff filed a suit against Leroy, Jerome and Jerome's business, Jerry's Trucking. Plaintiff reached a settlement with State Farm Mutual Automobile Insurance Company, the insurer who covered the truck involved in the accident. The claim was settled for $195,000 of the policy's $200,000 face amount. The settlement contained a "Conditional Covenant Not to Sue," which provided in part as follows:

In consideration of the payment of $195,000 to

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[plaintiff] . . . the undersigned . . . covenants not to sue Jerome Nakoneczny, Leroy Nakoneczny and Jerry's Trucking, TO THE EXTENT THAT THERE IS NO ADDITIONAL INSURANCE COVERAGE AVAILABLE AS DETERMINED BY ALPENA COUNTY CIRCUIT COURT, and completely releases State Farm . . . .

\* \* \*

It is the agreement and intent of this covenant that State Farm Mutual Automobile Insurance Company shall not be sued for any and all possible liability in connection with the aforementioned accident. It is further the agreement and intent that a covenant be made not to sue Jerome Nakoneczny, Leroy Nakoneczny and Jerry's Trucking for any and all liability as a result of said accident to the extent that there is not additional insurance coverage available over and above that coverage available by State Farm as described herein. In the event no other additional insurance coverage is determined to be available to Defendants then this covenant not to sue shall be a full, complete final settlement. In the event additional insurance is available then Plaintiff shall have leave to seek such additional insurance coverage for said claim.

In 1984, plaintiff filed the instant action for declaratory judgment. Plaintiff sought a declaration that defendants provided liability coverage which was applicable to the accident, thus allowing plaintiff to seek an additional recovery under the covenant not to sue. The liability of the various defendants is premised as follows: National Idemnity Company as the insurer of Richard's trucks when Richard and Leroy resided together; Lake States Mutual Insurance Company as the insurer of Richard's personal vehicle when Richard and Leroy resided together; Michigan Mutual Insurance Company as the insurer of Cynthia Nakoneczny's personal vehicle, Cynthia being Leroy's sister who resided with Leroy; and Auto-Owners Insurance Company based upon its coverage of

the personal vehicle of Laura Nakoneczny, Leroy's mother, who also resided with Leroy.

The power to grant declaratory relief is established by court rule. MCR 2.605(A)(1) provides as follows:

> In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

Accordingly, the grant of a declaratory judgment is discretionary with the trial court and, in any event, can only be granted where there is an actual controversy. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978); *Rott v Standard Accident Ins Co,* 299 Mich 384; 300 NW 134 (1941). It has also been held that, as part of the requirement that there be an actual controversy, it is necessary that all the interested parties be before the court. *Washington-Detroit Theatre Co v Moore,* 249 Mich 673; 229 NW 618 (1930); *Central High School Athletic Ass'n v Grand Rapids,* 274 Mich 147; 264 NW 322 (1936).

In the case at bar, although recognizing its discretion, the trial court never reached the point of exercising discretion since it concluded that all of the interested parties were not before the court[1] and that there was no actual controversy. While we agree with the trial court's conclusion that not all of the interested parties were before the court, we do not wish to rest our analysis on that issue. If the only defect in plaintiff's case was the failure to join all interested parties, that defect could

[1] Specifically, Leroy, Jerome and Jerry's Trucking were not named as defendants.

presumably have been cured by amending the pleadings and joining the necessary parties.

The crucial question is whether there was an actual controversy between plaintiff and defendants. We conclude that there was not. Defendants had no direct liability or responsibility to plaintiff. Defendants' liability would arise only when a judgment was obtained by plaintiff against the individual insureds which came within the insurance coverage provided the insureds by defendants. Since, under the terms of the covenant not to sue, plaintiff could sue the insured tortfeasors, only if there were available additional insurance benefits, there was a relevant question which would have to be addressed eventually as to the existence of insurance coverage.

However, to say that that question must eventually be answered does not compel the conclusion that it is appropriate to answer that question by way of the instant action for declaratory judgment against the insurance companies. The purpose of the declaratory judgment rule was stated in 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.605, p 422:

> Declaratory judgment has been heralded as one of the most significant procedural reforms of the century. Its purpose is to enable parties, in appropriate circumstances of actual controversy, to obtain an adjudication of their rights before actual injury occurs, to settle matters before they ripen into violations of law or a breach of contractual duty, to avoid a multiplicity of actions by affording a remedy for declaring in one expedient action the rights and obligations of all litigants, or to avoid the strictures associated with obtaining coercive relief, when coercive relief is neither desired nor necessary to resolve the matter.

None of these purposes are served by the instant

action. A declaratory judgment would not precede the injury, as that has already occurred. It would not prevent a violation of law, as the instant action does not involve the viability of a criminal statute. As for the avoidance of a multiplicity of actions, the exact opposite is true. If plaintiff were to prevail in the declaratory judgment action, it would then be necessary to file another action against the individual insureds. Neither is there any desire to avoid coercive relief.

The one remaining factor, to avoid a breach of contract, at first blush appears applicable. If plaintiff were to determine now that there is no available insurance coverage, she would be able to avoid breaching the covenant not to sue by filing an action when the covenant prohibits further recovery. However, we believe that the breach of contract to be avoided by use of the declaratory judgment is normally one where the contemplated conduct or inaction by the plaintiff affects a contract between the plaintiff and the defendant in the declaratory judgment action, not between the plaintiff and a third party. In other words, it would be inequitable to require a party to defend itself in a declaratory judgment action where the desired purpose is to prevent a breach of a contract between the plaintiff and a third party.[2]

Once plaintiff believed there to be additional insurance coverage, plaintiff should have filed an action against the individual insureds. Undoubtedly, the insureds would have raised as a defense the covenant not to sue. At that point, the trial court could have determined whether the covenant

[2] We note, however, that it is dangerous to speak in such absolute terms. Accordingly, we acknowledge that there may be situations were a declaratory judgment action would be appropriate to avoid a breach of contract between the plaintiff and a third party. However, the instant case is not such a situation.

was applicable by determining the availability of additional insurance.[3]

Simply put, plaintiff sued the wrong parties. She had no claim against the insurance carriers until and unless she obtained a judgment against the insureds.[4] She should have, and could have, directly sued the tortfeasors and left it to the trial court in that action to determine whether the covenant not to sue was applicable.

Affirmed. Costs to defendants.

[3] Indeed, it is also likely that the insurance companies would have sought their own declaratory judgment against the actual tortfeasors claiming that they had no liability or duty to defend.

[4] Of course, the insurance companies may be brought into the litigation earlier, if necessary, to resolve the question whether they are contractually liable to indemnify the tortfeasors under the applicable policies.