LANSING SCHOOLS EDUCATION ASSOCIATION, MEA/NEA v
LANSING BOARD OF EDUCATION (ON REMAND)

Docket No. 279895. Submitted September 7, 2010, at Lansing. Decided
August 9, 2011, at 9:00 a.m.

The Lansing Schools Education Association, MEA/NEA, and four of
its member teachers who alleged that they were physically as-
saulted by students in grade six or above brought an action in the
Ingham Circuit Court against the Lansing Board of Education and
the Lansing School District. Plaintiffs sought a declaratory judg-
ment regarding the parties' rights and legal relations under MCL
380.1311a, which concerns physical assaults at school by students
in Grade 6 or above against a person employed by or engaged as a
volunteer or contractor by a school board. Plaintiffs also sought a
writ of mandamus ordering defendants to expel, rather than
suspend, the students and a permanent injunction prohibiting
defendants from allegedly violating the statute in the future. The
court, Thomas L. Brown, J., granted summary disposition for
defendants, ruling that the school board had the discretion to
determine whether a physical assault occurred within the meaning
of MCL 380.1311a(12)(b) and concluding that the court should not
oversee the individual disciplinary decisions of a local school board.
Plaintiffs appealed, and the Court of Appeals, SAAD, C.J., and
FITZGERALD and BECKERING, JJ., affirmed, holding that plaintiffs
lacked standing to maintain their lawsuit because they had failed
to establish the elements for constitutional standing under *Lee v
Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001). 282 Mich App
165 (2009). The Supreme Court reversed, overruling *Lee* and its
progeny, and held that plaintiffs had standing and remanded the
case to the Court of Appeals to determine whether plaintiffs met
the requirements of MCR 2.605 for a declaratory judgment and to
determine the issues not previously reached. 487 Mich 349 (2010).

On remand, the Court of Appeals *held*:

1. MCR 2.605(A)(1) provides that a court may declare the
rights and relations of an interested party seeking declaratory
judgment, whether or not other relief is or could be sought or
granted. An actual controversy is a condition precedent to the
grant of declaratory relief. An actual controversy exists when

declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights. The purpose of declaratory judgment is to obtain an adjudication of the parties' rights before actual injury occurs, to settle matters before they ripen into a violation of law or a breach of contractual duty, to avoid a multiplicity of actions, or to avoid the strictures associated with obtaining coercive relief that is neither desired nor necessary to resolve the matter. All interested parties must be present in an action seeking declaratory judgment.

2. There was no actual controversy in this case because declaratory relief would serve none of the identified purposes. The alleged injuries have already occurred. Plaintiffs did not seek to prevent a violation of a criminal law, there was no contractual issue for which the parties needed guidance, and declaratory relief did not appear necessary to guide plaintiffs' future conduct in order to preserve their legal rights. Moreover, declaratory relief could not be granted when the accused students were not parties to the action and an order declaring them permanently expelled would deprive them of their protected right to an education without due-process protections, at a minimum notice and an opportunity to be heard.

3. MCL 380.1311a(1) requires a school board to permanently expel students who commit a physical assault against a school employee, volunteer, or contractor. The school board has discretion to determine whether a student has committed a physical assault. A "physical assault" is defined under MCL 380.1311a(12)(b) as intentionally causing or attempting to cause physical harm through force or violence. The school board only had a legal duty to expel the students if it reached the legal conclusion that a physical assault occurred. Summary disposition was appropriate under MCR 2.116(C)(8) because the school board determined that the students' actions did not constitute physical assaults; accordingly, no factual development could justify recovery.

4. A writ of mandamus is an extraordinary remedy. A plaintiff must show that he or she has a clear legal right to performance of the specific duty sought and that the defendant has a clear legal duty to perform the act requested. The act sought to be compelled must be ministerial, involving no exercise of judgment or discretion. Plaintiffs were not entitled to a writ of mandamus or other injunctive relief because the school board had no duty to expel the students. Further, the decision to expel a student was not a ministerial act for which an order compelling such action was

appropriate in the absence of clear and indisputable legal grounds under the statute and without the students themselves being parties to the action.

Affirmed.

BECKERING, J., concurred in the result only. While it was not improper to consider whether granting declaratory judgment in this case served any of the purposes listed by the majority, she would not have limited her analysis to that inquiry alone. Rather, she would have carefully examined whether plaintiffs fully met the essential requirements for an actual controversy, that is, whether they pleaded and proved facts that indicated an adverse interest necessitating the sharpening of the issues raised. Judge BECKERING would also not have rested the conclusion that plaintiffs failed to meet the requirements of MCR 2.605 solely on the fact that some of the interested parties (the students) were not parties because that defect could generally be cured by amending the pleadings and joining the necessary parties. She agreed, however, that summary disposition under MCR 2.116(C)(8) was appropriate because the school board concluded that the students' actions did not rise to the level of physical assaults, and the board was therefore not required to expel them.

1. JUDGMENTS — DECLARATORY JUDGMENTS — PURPOSE — ACTUAL CONTROVERSY.

A court may declare the rights and relations of an interested party seeking declaratory judgment, whether or not other relief is or could be sought or granted; an actual controversy is a condition precedent to the grant of declaratory relief; an actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights; the purpose of declaratory judgment is to obtain an adjudication of the parties' rights before actual injury occurs, to settle matters before they ripen into a violation of law or a breach of contractual duty, to avoid a multiplicity of actions, or to avoid the strictures associated with obtaining coercive relief that is neither desired nor necessary to resolve the matter; all interested parties must be present in an action seeking declaratory judgment (MCR 2.605[A][1]).

2. SCHOOLS — SCHOOL BOARDS — EXPULSION OF STUDENT — PHYSICAL ASSAULT.

A school board must permanently expel a student who commits a physical assault against a school employee, volunteer, or contractor while at school; the school board has discretion to determine whether a student has committed a physical assault: a "physical

assault" is defined as intentionally causing or attempting to cause physical harm to another person through force or violence (MCL 380.1311a[1], [12][b]).

3. EQUITY — REMEDIES — MANDAMUS — LEGAL DUTY.

A writ of mandamus is an extraordinary remedy; a plaintiff must show that he or she has a clear legal right to performance of the specific duty sought and that the defendant has a clear legal duty to perform the act requested; the act sought to be compelled must be ministerial, involving no exercise of judgment or discretion.

*White, Schneider, Young & Chiodini, P.C.* (by *Michael M. Shoudy* and *Dena Lampinen Lorenz*), for plaintiffs.

*Thrun Law Firm, P.C.* (by *Donald J. Bonato* and *Margaret M. Hackett*), for defendants.

ON REMAND

Before: SAAD, P.J., and FITZGERALD and BECKERING, JJ.

SAAD, P.J. Our Supreme Court remanded this case for consideration of issues raised but not addressed in this Court's previous opinion, *Lansing Sch Ed Ass'n, MEA/NEA v Lansing Bd of Ed*, 282 Mich App 165; 772 NW2d 784 (2009), rev'd 487 Mich 349 (2010). Plaintiffs appeal the trial court's order that granted summary disposition to defendants on plaintiffs' claims for a declaratory judgment, mandamus, and other relief under MCL 380.1311a(1) of the Revised School Code. For the reasons set forth in this opinion, we again affirm.

I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history were set forth in our previous opinion:

Plaintiffs, Lansing Schools Education Association, MEA/NEA, Cathy Stachwick, Penny Filonczuk, Ellen Wheeler, and Elizabeth Namie, filed their complaint for a

declaratory judgment, a writ of mandamus, and injunctive relief on April 9, 2007. Stachwick, Filonczuk, Wheeler, and Namie are teachers in the Lansing public school system and are members of the Lansing Schools Education Association, MEA/NEA, which is the exclusive bargaining representative for Lansing public school teachers. According to plaintiffs' complaint, students hit two of the teachers with a chair, one student slapped one of the teachers, and one student threw a wristband toward one of the teachers and it struck the teacher in the face. Plaintiffs further assert that school administrators were informed of each incident and the students were suspended, but they were not expelled.

Plaintiffs alleged in their complaint that the expulsion of the students is required by § 1311a(1) of the Revised School Code (RSC), MCL 380.1311a(1). Plaintiffs asked the trial court for a declaratory judgment on the rights and legal relations of the parties under the statute. Plaintiffs asserted that each incident constituted a physical assault by a student in grade six or above and that expulsion of each student was mandatory. In addition to a declaratory judgment, plaintiffs asked the trial court for a writ of mandamus ordering defendants to follow the statute and expel the students and to issue a permanent injunction to enjoin defendants from future violations of MCL 380.1311a(1). Plaintiffs further asked the court to find the school officials who failed to follow the statute guilty of a misdemeanor and to cancel the contract of the school superintendent or principal who failed to comply with the statute.

In lieu of an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(8). Defendants argued that plaintiffs lack standing to assert their claims under the RSC because they have no legally protected interest in the district's decision to suspend or expel students under MCL 380.1311a(1). Defendants further argued that the RSC does not create a private cause of action by teachers or education associations, but merely sets forth the powers and duties of the school board in disciplinary proceedings. According to defendants, a private cause of action cannot be inferred under the statute because exclusive remedies are set forth in MCL 380.1801

to 380.1816. Defendants maintain that, if plaintiffs had standing to bring their claim, MCL 380.1311a(1) provides that the school board has the sole power to determine whether a student physically assaulted a teacher and findings by a school board are generally deemed conclusive by our courts. Defendants claim that plaintiffs are not entitled to a writ of mandamus or declaratory judgment because there is no clear legal right of performance and the decision whether to expel the students involves the exercise of discretion.

In response, plaintiffs asserted that the Legislature enacted MCL 380.1311a(1) to provide safe environments for teachers and, therefore, teachers have a legal interest in teaching in a safe environment. Plaintiffs further asserted that the plaintiff teachers suffered injuries in fact when they were assaulted and their legally protected interest in their own safety was invaded when the assaults occurred. Further, plaintiffs opined, "By refusing to expel students as required by statute, Defendants invaded the Plaintiff Teachers' legally protected interest in having a safe work environment . . . ." According to plaintiffs, they have standing to assert their claims for the above reasons and because, as a remedial statute, MCL 380.1311a(1) should be liberally construed in favor of the teachers. Alternatively, plaintiffs argue that a private cause of action should be inferred because there is no other adequate remedy or procedure to enforce the statute. Plaintiffs also maintained that the school board does not have the exclusive power to determine whether an assault occurred and that its duty to expel a student who commits an assault is not discretionary.

The trial court heard oral argument on June 20, 2007, and granted defendants' motion for summary disposition. The trial court reasoned that, while MCL 380.1311a(1) requires the expulsion of a student who commits a physical assault, the Lansing School Board has the discretion to determine whether a physical assault occurred within the meaning of the statute. The court further concluded that trial courts should not oversee the individual disciplinary decisions of a local school board. Accordingly, the court

issued a written order that granted summary disposition to defendants. [*Lansing Sch Ed Ass'n*, 282 Mich App at 167-169.]

In our prior opinion, we affirmed the trial court's grant of summary disposition and held that plaintiffs lacked standing to maintain their lawsuit because they had failed to establish the elements for standing under *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726; 629 NW2d 900 (2001), overruled by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). Our Supreme Court reversed, overruling *Lee* and its progeny. The majority formulated a new standing doctrine: "[A] litigant has standing whenever there is a legal cause of action," and "[w]here a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing." *Lansing Sch Ed Ass'n*, 487 Mich at 372. "Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment." *Id.* The Court applied this new test and held that "in this case, plaintiffs have standing because they have a substantial interest in the enforcement of MCL 380.1311a(1) that will be detrimentally affected in a manner different from the citizenry at large if the statute is not enforced." *Id.* at 373. Pursuant to the Supreme Court's remand instructions, we now consider "whether plaintiffs meet the requirements of MCR 2.605" as well as the issues that we did not previously reach. *Id.* at 378.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition in an action for a

declaratory judgment. *Farm Bureau Ins Co v Abalos*, 277 Mich App 41, 43; 742 NW2d 624 (2007). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The court accepts all well-pleaded factual allegations as true and construes them in a light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) is appropriately granted "where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Id.* (citation omitted.)

"A trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion." *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006). "But whether defendant had a clear legal duty to perform and whether plaintiff had a clear legal right to the performance of that duty, thereby satisfying the first two steps in the test for assessing the propriety of a writ of mandamus, are questions of law, which this Court reviews de novo." *Id.*, citing *Tuggle v Dep't of State Police*, 269 Mich App 657, 667; 712 NW2d 750 (2005). A trial court's decision whether to grant injunctive relief is reviewed for an abuse of discretion. *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008).

B. LAW AND ANALYSIS

1. SECTION 1311a OF THE REVISED SCHOOL CODE

MCL 380.1311a(1) mandates the permanent expulsion of a student in Grade 6 or above who commits a

physical assault at school against a person employed by the school board," provided that the assault is reported to school officials. Under the statute, a "physical assault" consists of intentionally causing or attempting to cause physical harm to another through force or violence. MCL 380.1311a(12)(b). The statute specifically provides in pertinent part:

> (1) *If a pupil enrolled in grade 6 or above commits a physical assault at school against a person employed by* or engaged as a volunteer or contractor by *the school board* and the physical assault is reported to the school board, school district superintendent, or building principal by the victim or, if the victim is unable to report the assault, by another person on the victim's behalf, *then the school board*, or the designee of the school board as described in [MCL 380.1311(1)] on behalf of the school board, *shall expel the pupil from the school district permanently,* subject to possible reinstatement under subsection (5). . . .
>
> *      *      *
>
> (12) As used in this section:
>
> *      *      *
>
> (b) "Physical assault" means intentionally causing or attempting to cause physical harm to another through force or violence. [MCL 380.1311a (emphasis added).]

Plaintiffs allege that the three students committed assaults against teachers, though they acknowledge that the school board determined that the students' conduct did not constitute physical assaults as defined by MCL 380.1311a(12)(b). Also, plaintiffs do not dispute that the school board has discretion to determine whether an assault occurred. But plaintiffs argue that the mandatory language of the statute requires defendants to expel the students on the facts alleged here,

and they ask this Court to hold that they have a right to compel the students' expulsion.

2. PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF

a. ACTUAL CONTROVERSY

MCR 2.605(A)(1) provides: "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights. *Citizens for Common Sense in Government v Attorney General*, 243 Mich App 43, 55; 620 NW2d 546 (2000). "The existence of an 'actual controversy' is a condition precedent to the invocation of declaratory relief." *PT Today, Inc, v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 127; 715 NW2d 398 (2006). "In the absence of an actual controversy, the trial court lacks subject-matter jurisdiction to enter a declaratory judgment." *Leemreis v Sherman Twp*, 273 Mich App 691, 703; 731 NW2d 787 (2007).

This Court has long recognized that the ability of litigants to obtain declaratory relief serves important purposes:

> Declaratory judgment has been heralded as one of the most significant procedural reforms of the century. Its purpose is to enable parties, in appropriate circumstances of actual controversy, to obtain an adjudication of their rights before actual injury occurs, to settle matters before they ripen into violations of law or a breach of contractual duty, to avoid a multiplicity of actions by affording a remedy for declaring in one expedient action the rights and obligation of all litigants, or to avoid the strictures associ-

ated with obtaining coercive relief, when coercive relief is
neither desired nor necessary to resolve the matter. [*Skiera
v Nat'l Indemnity Co*, 165 Mich App 184, 189; 418 NW2d
424 (1987), quoting 3 Martin, Dean & Webster, Michigan
Court Rules Practice (3d ed), Rule 2.605, p 422.]

See also *Detroit v Michigan*, 262 Mich App 542,
550-551; 686 NW2d 514 (2004) ("[D]eclaratory relief
is designed to give litigants access to courts to pre-
liminarily determine their rights. . . . [T]he 'court is
not precluded from reaching issues before actual
injuries or losses have occurred.' "), quoting *Shavers
v Attorney General*, 402 Mich 554, 588-589; 267 NW2d
72 (1978).

We hold that an actual controversy is lacking in
this case. Declaratory relief would serve none of the
purposes that have been identified as associated with
circumstances that constitute an actual controversy
appropriate for declaratory judgment. Plaintiffs do
not allege imminent injury; the alleged physical inju-
ries have already occurred. They do not seek to
prevent a violation of a criminal law, nor is there a
contractual issue for which the parties are in need of
guidance. Declaratory relief does not appear neces-
sary to guide plaintiffs' future conduct in order to
preserve their legal rights. *Citizens for Common
Sense*, 243 Mich App at 55.

Perhaps most importantly, we question whether the
requested relief can be granted in this case. Our Su-
preme Court has long recognized the necessity of hav-
ing all interested parties before it in order to have a case
that is appropriate for declaratory judgment. *Central
High Sch Athletic Ass'n v Grand Rapids*, 274 Mich 147,
153; 264 NW 322 (1936) ("We have grave doubts that a
declaratory judgment would be *res judicata* of anything
with only the present parties before us. All interested

parties should be before the court."); see also *Skiera*, 165 Mich App at 188 ("It has . . . been held that, as part of the requirement that there be an actual controversy, it is necessary that all the interested parties be before the court."), citing *Central High* and *Washington-Detroit Theatre Co v Moore*, 249 Mich 673, 677; 229 NW 618 (1930). The declaration of rights that plaintiffs request would necessarily affect the rights of the students whose expulsion plaintiffs seek to compel, and those students are not parties to this action.

Conspicuously absent from this discussion is any concern for the protection of the rights of the students who face permanent expulsion. Student disciplinary proceedings are inherently complex, with various competing interests at stake. To be sure, plaintiffs have a substantial interest in the enforcement of MCL 380.1311a(1). *Lansing Sch Educ Ass'n*, 487 Mich at 374. The Legislature adopted § 1311a(1) "to create a safer school environment and, even more specifically, a safer and more effective working environment for teachers." *Id.* But at least equally substantial are the students' constitutionally protected interests in a public education.

Expulsion proceedings implicate students' rights to due-process protections, the minimum of which are notice and an opportunity to be heard. See *Goss v Lopez*, 419 US 565, 581; 95 S Ct 729; 42 L Ed 2d 725 (1975). In *Goss*, the Supreme Court held that a student must be afforded at least rudimentary due-process protections before even a *temporary* suspension from school. *Id.* The Court cautioned that "[l]onger suspensions or expulsions for the remainder of the school term, or permanently, may require more formal procedures." *Id.* at 584; see also *Birdsey v Grand Blanc Community Sch*, 130 Mich App 718, 726; 344 NW2d 342 (1983) (applying

*Goss* and recognizing that "more stringent due process requirements [are] associated with permanent expulsion").[1]

Plaintiffs in this action seek the permanent expulsion of these students without affording them even the most rudimentary due-process protections to which they are entitled. The court cannot grant the requested relief without simultaneously depriving the students of their protected right to an education without due process. In light of the implications of the students' absence from this action, we conclude that plaintiffs failed to present an actual controversy under MCR 2.605(A)(1).

### b. FAILURE TO STATE A CLAIM

We further hold that the trial court correctly granted summary disposition under MCR 2.116(C)(8) because plaintiffs failed to state a claim upon which relief may be granted. MCL 380.1311a(1) imposes a duty on defendants to expel students who commit physical assaults against teachers. That statute gives school boards discretion to determine whether a student has committed a physical assault on a school employee, volunteer, or contractor. In its exercise of that discretion, the school board determined that the students' conduct did not rise to the level of "physical assault," which is defined as "intentionally causing or attempting to cause physi-

---

[1] A student's entitlement to rudimentary due-process protections is well settled. Caselaw in this area after *Goss* has mainly centered on disputes about what process is due under certain circumstances. See, e.g., *Birdsey*, 130 Mich App at 722 (holding that student's confession to principal was admissible in expulsion hearing because the proceeding was civil and not criminal in nature and the warnings required under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 [1966], do not apply); *Newsome v Batavia Local Sch Dist*, 842 F2d 920, 924-925 (CA 6, 1988) (holding that students do not have a federal due-process right to cross-examine witnesses at expulsion hearings).

cal harm to another through force or violence." MCL
380.1311a(12)(b). No further factual development could
provide a basis for recovery. *Maiden*, 461 Mich at 119.
The finding by the school board that physical assaults
did not occur is an unalterable fact that precludes
recovery. And because this fact arises from the school
board's application of law to a set of facts, we cannot
and will not undermine the school board's statutory
role by presuming the factual predicate to the legal
conclusion that expulsion is mandated.

We disagree that plaintiffs' allegations of physical as-
saults must be accepted as true for purposes of the MCR
2.116(C)(8) motion. A legal duty to permanently expel the
students arises under MCL 380.1311a(1) only upon a legal
conclusion that physical assaults, as defined in MCL
380.1311a(12)(b), occurred. The operative issue of
whether these physical assaults occurred is a legal conclu-
sion reached only after applying legal standards to a
complex set of facts. It is not a factual allegation per se.
See e.g., *Capitol Props Group, LLC, v 1247 Ctr Street,
LLC*, 283 Mich App 422, 426; 770 NW2d 105 (2009)
(noting that a "legal conclusion is insufficient to state a
cause of action"); *Davis v Detroit*, 269 Mich App 376, 379
n 1; 711 NW2d 462 (2006) ("[O]nly factual allegations, not
legal conclusions, are to be taken as true under [MCR
2.116(C)(8)].")). The plaintiffs failed to allege facts to
support a legal duty on the part of defendants to expel the
students. Because the school board has already deter-
mined that no assaults occurred, no factual development
could justify recovery and summary disposition was ap-
propriate under MCR 2.116(c)(8).

### 3. PLAINTIFFS' CLAIMS FOR MANDAMUS AND INJUNCTIVE RELIEF

A writ of mandamus is an extraordinary remedy.
*Citizens for Protection of Marriage v Bd of State Can-*

*vassers*, 263 Mich App 487, 492; 688 NW2d 538 (2004). It is "an inappropriate tool to control a public official's or an administrative body's exercise of discretion." *Genesis Ctr, PLC v Comm'r of Fin and Ins Servs*, 246 Mich App 531, 546; 633 NW2d 834 (2001). Plaintiffs must show that they have a clear legal right to performance of the specific duty sought and that the defendants have the clear legal duty to perform the act requested. *Tuggle*, 269 Mich App at 668; see also *Baraga Co v State Tax Comm*, 466 Mich 264, 268; 645 NW2d 13 (2002) ("[A] plaintiff [must] prove[] that it has a clear legal right to performance of the specific duty sought to be compelled and the defendant has a clear legal duty to perform such act . . . .") (citations and quotation marks omitted). In addition, the act sought to be compelled must be ministerial, "involving no exercise of discretion or judgment." *Carter*, 271 Mich App at 438.

Plaintiffs are not entitled to a writ of mandamus or other injunctive relief. As discussed, the school disciplinary proceedings resulted in findings by the school board that no physical assaults occurred. In the absence of such findings, no duty to expel the students arose under MCL 380.1311a(1). A student's permanent expulsion is certainly far from being a ministerial task to be ordered in the absence of clear and indisputable legal grounds under the statute and in the absence of the students themselves from this action.

Affirmed.

FITZGERALD, J., concurred with SAAD, P.J.

BECKERING, J. (*concurring*). I concur in the result only.

This case is before us for the second time, on remand from our Supreme Court. In their complaint, plaintiffs

alleged that defendants had failed to comply with their mandatory duty under MCL 380.1311a(1) to expel students who physically assaulted teachers. Plaintiffs sought a declaratory judgment, a writ of mandamus, and injunctive relief. In *Lansing Sch Ed Ass'n, MEA/NEA v Lansing Bd of Ed*, 282 Mich App 165; 772 NW2d 784 (2009), rev'd 487 Mich 349 (2010), we affirmed the trial court's award of summary disposition to defendants. We held that plaintiffs had failed to establish the elements for standing under *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 740-741; 629 NW2d 900 (2001), overruled by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). *Lansing Sch Ed Ass'n*, 282 Mich App at 173-174. It was, therefore, unnecessary to address the remaining issues raised by plaintiffs on appeal. *Id.* at 175-176.

Our Supreme Court reversed this Court's decision. The majority expressly overruled the standing test adopted in *Lee* and its progeny, articulating the "proper standing doctrine" as follows:

> We hold that Michigan standing jurisprudence should be restored to a limited, prudential doctrine that is consistent with Michigan's longstanding historical approach to standing. Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Lansing Sch Ed Ass'n*, 487 Mich at 372.]

The majority held that plaintiffs have standing to pursue their claims for a writ of mandamus and other injunctive relief because they "have a substantial interest in the enforcement of MCL 380.1311a(1) that is detrimentally affected in a manner distinct from that of the general public if the statute is not enforced." *Id.* at 378. It remanded to this Court "to determine whether plaintiffs meet the requirements of MCR 2.605" and "for consideration of the issues that [the Court of Appeals] did not previously reach." *Id.*

Plaintiffs sought a declaratory judgment under MCR 2.605, which permits a court, "[i]n a case of actual controversy," to "declare the rights and other legal relations of an interested party seeking a declaratory judgment . . . ." MCR 2.605(A)(1). Previously, the standing doctrine articulated in *Lee* and its progeny applied to plaintiffs seeking declaratory relief. *Associated Builders & Contractors v Dep't of Consumer & Indus Servs Dir*, 472 Mich 117, 126-127 & n 16; 693 NW2d 374 (2005), overruled in part by *Lansing Sch Ed Ass'n*, 487 Mich 349. In this case, the Supreme Court majority overruled *Associated Builders & Contractors* "to the extent that it required a litigant to establish the *Lee/Cleveland Cliffs*[1] standing requirements in order to bring an action under MCR 2.605." *Lansing Sch Ed Ass'n*, 487 Mich at 371 n 18. The majority further held, however, that the "pre-*Lee/Cleveland Cliffs* standard, which was also incorporated into *Associated Builders & Contractors*, remains: " 'The essential requirement of the term "actual controversy" under the rule is that plaintiffs "plead and prove facts which indicate an adverse interest necessitating the sharpen-

---

[1] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608; 684 NW2d 800 (2004), overruled by *Lansing Sch Ed Ass'n*, 487 Mich at 378.

ing of the issues raised." ' " *Id.* at 372 n 20, quoting *Associated Builders & Contractors*, 472 Mich at 126, quoting *Shavers v Attorney General*, 402 Mich 554, 589; 267 NW2d 72 (1978).

In determining whether plaintiffs met the "actual controversy" requirement of MCR 2.605, this Court's majority cites *Skiera v Nat'l Indemnity Co*, 165 Mich App 184, 189; 418 NW2d 424 (1987), to note that several important purposes are served by "the ability of litigants to obtain declaratory relief . . . ." The majority concludes that "an actual controversy is lacking in this case" because "[d]eclaratory relief would serve none of the purposes" listed therein. While it is not improper to consider whether granting plaintiffs declaratory judgment would serve any of the purposes listed in *Skiera*, I would not limit my analysis to that inquiry alone. Given our Supreme Court's holding in this case, determining "whether plaintiffs meet the requirements of MCR 2.605" requires a careful examination of the "pre-*Lee/Cleveland Cliffs* standard" as it applied to claims for declaratory judgment and, more specifically, whether plaintiffs met "[t]he essential requirement of the term 'actual controversy,' " i.e., that they pleaded and proved "facts which indicate an adverse interest necessitating the sharpening of the issues raised." *Lansing Sch Ed Ass'n*, 487 Mich at 372 n 20 (citations and quotation marks omitted).

Furthermore, I would not rest a conclusion that plaintiffs did not meet the requirements of MCR 2.605 solely on the fact that some of the interested parties, i.e., the students, were not before the trial court, as such a defect can generally be cured by amending the pleadings and joining the necessary parties.

That said, I agree with this Court's majority that the trial court properly granted defendants summary dis-

position under MCR 2.116(C)(8) for failure to state a claim and that plaintiffs are not entitled to a writ of mandamus or other injunctive relief. As noted by the majority, MCL 380.1311a(1) grants school boards discretion to determine whether a student has committed a physical assault on a school employee, volunteer, or contractor. In this case, the school board reached the legal conclusion, on the basis of the facts presented, that the students' conduct did not rise to the level of "physical assault" as defined by MCL 380.1311a(12)(b). Given this conclusion, the school board had no duty under MCL 380.1311a(1) to expel the students as requested by plaintiffs, and no further factual development could provide a basis for recovery. While I sincerely sympathize with plaintiffs' position, they have not identified any mechanism—statutory or otherwise—by which the courts of this state may review the legal conclusion reached by the school board that no physical assaults took place. Absent such a mechanism, we must not invade the discretionary power the school board has pursuant to MCL 380.1311a(1).