*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPECTRUM HEALTH HOSPITALS,

UNPUBLISHED
February 18, 2020

Plaintiff-Appellant,

v

No. 341289
Kent Circuit Court
LC No. 16-005344-NF

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN and FARM
BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN,

Defendants-Appellees.

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

In 2016, plaintiff, Spectrum Health Hospitals, filed the current action as a healthcare provider seeking payment of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, for allowable expenses incurred in the treatment of nonparty Cynthia Conley in June 2015. Although defendants, Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company of Michigan, paid some of the charges, Farm Bureau contested its liability for the outstanding balance on the basis that the charges were not reasonable. Notably, while this case was pending in the trial court, the Michigan Supreme Court issued its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), holding that healthcare providers do not have an independent statutory cause of action against insurers to recover no-fault benefits, and on August 2017, this Court issued its decision in *WA Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159; 909 NW2d 38 (2017), aff'd in part, vacated in part 934 NW2d 44 (Mich, 2019), concluding that *Covenant* should be given retroactive effect. On November 21, 2017, applying *Covenant* and *WA Foote*, the trial court granted summary disposition to Farm Bureau. The trial court also denied Spectrum's motion to amend its complaint. Spectrum now appeals to this Court as of right. We affirm.

On appeal, Spectrum argues that our decision in *WA Foote*—giving *Covenant* retroactive effect—was wrongly decided, and Spectrum asks that we convene a conflict to overrule *WA Foote*. However, the Michigan Supreme Court has since affirmed this Court's conclusion that *Covenant*

"applies retroactively." *WA Foote Mem Hosp*, 934 NW2d at 45. Given the Supreme Court's decision, we note Spectrum's request for a conflict panel to overrule this Court's decision in *WA Foote* is essentially moot because we are now bound by the Supreme Court's determination of *Covenant*'s retroactivity in *WA Foote Mem Hosp*, 934 NW2d at 44-45. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009). Applying *Covenant* to this case, we conclude Farm Bureau was entitled to summary disposition under MCR 2.116(C)(8) because Spectrum lacks a statutory cause of action to pursue benefits for services provided to Conley in 2015.[1] See *Covenant*, 500 Mich at 200; *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 307; 917 NW2d 682 (2018). Accordingly, the trial court did not err by granting summary disposition to Farm Bureau.

In the event that *Covenant* applies retroactively to this case, Spectrum also argues on appeal that the trial court abused its discretion by denying Spectrum's motion to amend its complaint to add claims (1) for PIP benefits as the assignee of Conley's rights, (2) for PIP benefits as Conley's agent, and (3) for declaratory judgment.

"A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). Under MCR 2.116(I)(5), if summary disposition is granted pursuant to MCR 2.116(C)(8), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified."[2] Although in general leave to amend should be freely granted, an amendment would not be justified if it would be futile.

---

[1] With the recent enactment of 2019 PA 21, effective June 11, 2019, healthcare providers have been afforded a direct, statutory cause of action against insurers for payment of overdue benefits for services provided to an injured person. See MCL 500.3112 ("A health care provider listed in section 3157 may make a claim and assert a direct cause of action against an insurer, or under the assigned claims plan under sections 3171 to 3175 to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person."). However, pursuant to an enacting section of 2019 PA 21, the direct cause of action afforded to healthcare providers in MCL 500.3112 "as amended by this amendatory act, applies to products, services, or accommodations provided *after* the effective date of this amendatory act," which is June 11, 2019. 2019 PA 21, enacting § 1 (emphasis added). Accordingly, these recent amendments do not apply in this case to provide Spectrum a direct cause of action for benefits for services provided in 2015.

[2] On appeal, Farm Bureau maintains that, once the circuit court determined that Spectrum lacked a direct cause of action, the circuit court's only option was to dismiss because "the judicial branch lacks subject matter jurisdiction of a complaint originally pled as a statutory provider action for no-fault benefits." Although Farm Bureau frames *Covenant* as resulting in a lack of subject-matter jurisdiction, this Court has typically treated a *Covenant* defect as a failure to state a cause of action, and this Court has generally concluded that healthcare providers should be given the opportunity to file a motion to amend in keeping with *Covenant*'s recognition that a healthcare provider may have other avenues of relief, such as an assignment theory. See, e.g., *Bronson*, 323 Mich App at 305-307; *W A Foote Mem Hosp*, 321 Mich App at 173, 196. In short, there is no merit to the assertion that *Covenant* mandates dismissal without the possibility of filing an amended complaint.

*Long*, 322 Mich App at 67. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 209; 920 NW2d 148 (2018) (quotation marks and citation omitted).

Spectrum first asserts that the trial court abused its discretion by denying Spectrum's motion to amend its complaint to include an assignment theory premised on the assignment executed by Conley in June 2017. Although *Covenant* determined that healthcare providers lack a direct cause of action against insurers for PIP benefits, the Court also made plain that its decision did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 218. However, although *Covenant* allows for the assignment of benefits, this Court's decision in *Shah* makes clear that an amendment of Spectrum's complaint to add an assignment theory in this case would be futile.

As we explained in *Shah*, "[a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses," and for this reason, an assignee may only receive those rights that the assignor possessed on the date of assignment. *Shah*, 324 Mich App at 204 (quotation marks and citation omitted). In the no-fault context, the one-year-back rule limits a claimant's right to benefits by prohibiting the claimant from recovering " 'benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.' " *Id*. at 202, quoting MCL 500.3145(1).[3] Under this rule, on June 23, 2017, Conley did not possess the right to recover benefits for losses incurred for services provided in June 2015, and it follows that she could not assign such rights to Spectrum. See *Shah*, 324 Mich App at 204-205.

Moreover, although an amendment of a complaint under MCR 2.118(D) normally relates back to the filing of the original complaint, this Court's decision in *Shah* also makes clear that a request to add an assignment theory premised on an assignment obtained after the filing of the original complaint does not relate back to the original complaint. See *id*. Instead, the assignment, as an event occurring after the filing of the original complaint, must be brought as a supplemental pleading under MCR 2.118(E), which does not relate back to the filing of the original complaint. See *id*. In short, Spectrum only received the rights that Conley held in June 2017, and Spectrum "cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than [it] actually received." *Id*. at 205. Because Conley no longer possessed the right to recover benefits for services provided in June 2015 when she executed the assignment on June 23, 2017, the trial court correctly determined that Spectrum's proposed amendment to add an assignment theory of recovery related to the June 2015 services would be futile, and the trial court did not abuse its discretion by denying Spectrum's motion to amend.[4]

---

[3] With the recent amendments to the no-fault act, this language is now found in MCL 500.3145(2).

[4] Farm Bureau also argues on appeal that Spectrum's motion to add an assignment theory was properly denied because Conley's assignment was void in light of a contractual antiassignment clause in the insurance policy. Farm Bureau's antiassignment clause argument is without merit

-3-

As an alternative to its assignment theory, Spectrum also asserts that it should be allowed to amend its complaint to plead an agency theory on the basis of Conley's June 2017 assignment, which, in addition to assigning her rights to Spectrum, also designated "Spectrum and its attorneys as [Conley's] authorized representatives." "It is a longstanding legal principle that a duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted." *In re Estate of Capuzzi*, 470 Mich 399, 402; 684 NW2d 677 (2004). However, following the reasoning in *Shah*, Spectrum's proposed agency theory is without merit, and the trial court did not abuse its discretion by denying Spectrum's motion to amend to add this futile claim. Again, on June 23, 2017, in light of the one-year-back rule, Conley did not possess the right to pursue benefits for services provided in June 2015, see *Shah*, 324 Mich App at 204-205; and it follows that a claim to proceed as Conley's agent in pursuit of claims she does not possess would be futile.[5] Moreover, given that the agency agreement was signed after the filing of the original complaint, it is not an event that relates back to the original pleading; rather it would require filing a supplemental pleading that does not relate back. See *id*.

Additionally, there are real party in interest concerns implicated by Spectrum's proposed agency theory. That is, contrary to Spectrum's arguments, unlike an assignee, an agent is *not* a real party in interest.[6] Because Spectrum is not a real party interest, Spectrum cannot, acting as an agent, file suit for Conley's benefit in Spectrum's name.[7] See *Salem Springs, LLC v Salem Twp*,

---

[5] because the antiassignment clause is void as against public policy. See *Shah*, 324 Mich App at 200; see also *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 405; 927 NW2d 717 (2018).

[5] Indeed, even if Conley possessed these rights in 2017, she assigned them to Spectrum, thereby extinguishing her own rights and divesting herself of an interest in the subject matter. See 6A CJS, Assignments, § 88 ("[A]n assignment divests the assignor of any interest in the subject matter of the assignment."); 1 Michigan Civil Jurisprudence, Assignments, § 1 ("An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part, and the assignee acquires a right to such performance.").

[6] Compare *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015) ("[A]n assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor.") with *Advanced Magnetics, Inc v Bayfront Partners, Inc*, 106 F3d 11, 17-18 (CA 2, 1997) ("The grant of a power of attorney, however, is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name.") (citations omitted).

[7] By statute and court rules there are persons—such as a personal representative, executor, administrator, guardian, trustee, conservator, or party authorized by statute—who may sue in his or her own name without joining the party for whose benefit the action was brought. See MCL 600.2041; MCR 2.201(B)(1). Suit may also be brought by a party with whom or in whose name a contract has been made "for the benefit of another" without joining the party for whose benefit the action was brought. See MCL 600.2041; MCR 2.201(B)(1). Spectrum did not file suit in any

-4-

312 Mich App 210, 221-223; 880 NW2d 793 (2015); *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 356; 833 NW2d 384 (2013). Rather, Conley remains the real party in interest; the lawsuit must be litigated in Conley's name; and any attempt to include Conley as a party at this time would not relate back to the filing of the original complaint because the relation-back doctrine does not apply to the addition of new parties. *Salem Springs*, 312 Mich App at 221-224. For all these reasons, amendment to plead an agency-based theory would be futile, and the trial court did not abuse its discretion by denying Spectrum's motion to amend to add an agency claim.

Finally, Spectrum asserts that, even if it does not have a valid assignment, it may litigate a request for declaratory judgment regarding the benefits due because Spectrum has an interest in ensuring that benefits are paid for the services Conley received and there exists an actual controversy regarding the amount of benefits. Relevant to this argument, MCR 2.605(A)(1) states: "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

> The declaratory judgment rule, however, incorporates the doctrines of standing, ripeness, and mootness. Also, the essential requirement of an action for declaratory relief is an actual controversy. The existence of an actual controversy is a condition precedent to invocation of declaratory relief. In general, actual controversy exists where a declaratory judgment or decree is *necessary to guide a plaintiff's future conduct in order to preserve his legal rights*. [*Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 624; 873 NW2d 783 (2015).]

As applied in this case, contrary to its arguments on appeal, Spectrum may not maintain an action for declaratory judgment because Spectrum lacks standing to litigate a declaration of Farm Bureau's contractual obligations to Conley and there is not an actual controversy necessitating a decree to guide Spectrum's conduct. That is, absent a valid assignment, Spectrum lacks a direct cause of action for PIP benefits. See *Covenant*, 500 Mich at 195-196, 216-217 & n 40. And declaratory judgment, which incorporates the doctrine of standing, may not be used to create standing for Spectrum to pursue declaratory judgment on a claim for PIP benefits which Spectrum does not possess. See *Pontiac Police*, 309 Mich App at 624-625. Additionally, absent a contract between Spectrum and Farm Bureau, Spectrum also has no need of a preliminary determination to guide its future conduct to preserve its rights. See *id*. Rather, Spectrum's legal rights are governed by its relationship with Conley; and, regardless of Farm Bureau's liability to Conley or Conley's right to benefits, Spectrum's legal rights and remedy under *Covenant*, 500 Mich at 217, are clear: "a provider that furnishes healthcare services to a person for injuries sustained in a motor vehicle accident may seek payment from the injured person for the provider's reasonable charges."

---

of these named capacities, and Spectrum has not identified a contract made for the benefit of Conley or another third party. Instead, the general rule—that a claim must be prosecuted by the party who owns the claim—applies in this case. See *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 356; 833 NW2d 384 (2013).

Indeed, declaring Farm Bureau liable for PIP benefits will not resolve the rights and obligation of all interested parties; to the contrary, Conley has not been joined to the action, undermining Spectrum's assertion that declaratory judgment is appropriate. See *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 515-516; 810 NW2d 95 (2011) ("Our Supreme Court has long recognized the necessity of having all interested parties before it in order to have a case that is appropriate for declaratory judgment."). Regardless of the outcome of a declaratory judgment action, Spectrum will still have to seek payment from Conley, and in these circumstances, there is no actual controversy between Spectrum and Farm Bureau, and Spectrum lacks standing to pursue declaratory judgment. See *Pontiac Police & Fire*, 309 Mich App at 624-625. Cf. *Skiera v Nat'l Indemnity Co*, 165 Mich App 184, 189-191; 418 NW2d 424 (1987). Accordingly, the trial court did not abuse its discretion by determining that Spectrum could not seek declaratory judgment as a means of circumventing *Covenant*, and because Spectrum lacked standing to pursue declaratory judgment, the trial court properly denied the motion to amend as futile.

Affirmed. Defendants may tax costs.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens