# STATE OF MICHIGAN

# COURT OF APPEALS

180 PIERCE LLC and POLO I LLC,

        Plaintiff-Appellants,

v

LIQUOR CONTROL COMMISSION,

        Defendant-Appellee,

and

PIERCE MARTIN LLC and TOWNHOUSE
KITCHEN AND BAR LLC,

        Intervening Defendants-Appellees.

UNPUBLISHED
September 26, 2017

No. 334425
Ingham Circuit Court
LC No. 15-000463-AW

Before: BECKERING, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs, 180 Pierce, LLC, and Polo I, LLC, filed a complaint seeking issuance of a writ of mandamus to compel defendant Liquor Control Commission (the Commission) to initiate procedures to revoke liquor licenses issued to intervening defendant Townhouse Kitchen and Bar, LLC (Townhouse). On August 2, 2016, the trial court entered an order denying plaintiffs' motion for summary disposition on their complaint and granting the summary disposition motions of the Commission and intervening defendants, Pierce Martin, LLC (Pierce Martin) and Townhouse. Plaintiffs appeal as of right from this order. We affirm.

## I. PERTINENT FACTS

The broader context for plaintiffs' request for issuance of a writ of mandamus is a property dispute between co-owners of a condominium building located in Birmingham, Michigan. See *Joel Dorfman v Pierce Martin, LLC*, unpublished opinion per curiam of the Court of Appeals, issued September __, 2017 (Docket No. 333428). At issue in the broader dispute is whether Pierce Martin, which owns Units 5 and 6, the building's two commercial units, obtained approval from the tenants' association ("the association") and residential co-owners to occupy and use a portion of common element space adjacent to Unit 5 to operate Townhouse, an upscale bar and grille owned by Pierce Martin.

-1-

Townhouse applied for new Class C and Special Designated Merchant liquor licenses on December 21, 2010. Accompanying its application was a sketch and floor plan showing the intended licensed premises, which included the proposed expansion of Unit 5 onto the portion of common elements at issue. On April 13, 2011,[1] the Commission approved Townhouse's application on condition, among other things, of receipt of a fully executed lease between Pierce Martin and Townhouse and a final inspection to determine whether improvements and renovations to the premises had been made as proposed. Upon fulfillment of these and other conditions, the Commission issued the liquor licenses to Townhouse, and the restaurant and bar opened for business in August 2011.

On or around April 5, 2012, the Commission's enforcement division received and began investigation of a complaint that Townhouse had "increased the size of the building prior to Commission approval." Lynn Hardaway, an experienced investigator for the Commission, determined that the area licensed was the same as that originally approved by the Commission. During the course of her investigation, one of the attorneys for the plaintiffs in the Oakland County case informed Hardaway that the association was suing Pierce Martin in the Oakland County Circuit Court for encroaching on the common element space adjacent to Unit 5 without approval. After discussing the matter with her supervisor and Townhouse's attorneys, Hardaway recommended closing the complaint and waiting for resolution of the dispute in the Oakland County case to see if corrective action would be necessary.

In October 2012, the Commission's enforcement division opened a second investigation of Townhouse after receiving information that the restaurant had violated MCL 436.2003[2] by supplying "false or fraudulent statements for the purpose of inducing the Commission to act." During the course of her investigation, Hardaway received, or revisited information previously received, from an attorney for the plaintiffs in the Oakland County case alleging several reasons why Pierce Martin did not have valid approval to use the common elements at issue. Hardaway concluded from her investigation that, in filling out the application for Townhouse's liquor licenses, the owner of Pierce Martin and Townhouse had misrepresented his control of and authorization to make changes to Unit 5, and that this misrepresentation had induced the Commission to grant Townhouse the liquor licenses they sought, in violation of MCL 436.2003. According to her deposition testimony, Hardaway submitted her report to her supervisor for

---

[1] The same date that two residents of the condominium building, Joel Dorfman and Dennis Rogers, filed a complaint against Pierce Martin in the Oakland County Circuit Court seeking, among other things, to enjoin construction on Unit 5 to the extent that it involved the expansion onto and use of the common element space at issue.

[2] MCL 436.2003 provides:

> A person who makes a false or fraudulent statement to the commission, orally or in writing, for the purpose of inducing the commission to act or refrain from taking action or for the purpose of enabling or assisting a person to evade the provisions of this act is guilty of a violation of this act and is punishable in the manner provided for in [MCL 436.1]909.

review, after which it was submitted to the Attorney General's office for further review and a determination of whether the facts supported a violation. This process culminated in the determination that there was insufficient evidence to establish any violation, and the Commission closed the case.

On June 11, 2015, plaintiffs sought a writ of mandamus from the Ingham Circuit Court, alleging that the Commission had a clear legal duty to enforce the Michigan Liquor Control Code of 1998, MCL 436.1101 *et seq.,* and its implementing regulations, and that it lacked the discretion to issue or renew licenses in violation of those provisions. Plaintiffs alleged that the Commission abused its discretion by issuing and renewing liquor licenses to Townhouse when it knew Townhouse had made false and fraudulent statements in its license application, and when it failed to ensure that Townhouse had a valid and approved lease. Plaintiffs further alleged that the Commission abused its discretion by issuing Townhouse liquor licenses in violation of the master deed's prohibition against the commercial sale and consumption of alcohol on the general common elements. Accordingly, plaintiffs asked the trial court to issue a writ of mandamus compelling the Commission to initiate revocation procedures and refuse renewal of the liquor licenses issued to Townhouse. The Commission moved unsuccessfully for summary disposition pursuant to MCR 2.116(C)(7) (prior judgment) and (C)(8) (failure to state a claim), after which Pierce Martin and Townhouse successfully moved to intervene to protect Pierce Martin's interest in the liquor licenses issued by the Commission to Townhouse.

On May 20, 2016, following a period of discovery, all parties filed motions for summary disposition, and a hearing was set for July 13, 2016. Ruling from the bench at the close of the hearing,[3] the trial court determined that the Commission had exercised its discretion by investigating both complaints submitted to it, producing and reviewing a violation report of the second complaint, and then submitting the violation report to the Attorney General's office. The trial court further determined that the Commission's decision to dismiss the second complaint was not arbitrary and capricious or a gross abuse of discretion, given the rulings of the Oakland County Circuit Court regarding Townhouse's authorization to occupy and use the common elements at issue.[4] The trial court concluded that, because the Commission's act was discretionary and not ministerial, and the Commission's exercise of discretion was reasonable under the circumstances, the Commission's decision not to initiate revocation proceedings could not be the subject of a writ of mandamus. The trial court entered a corresponding order dismissing plaintiffs' case with prejudice, from which plaintiffs now appeal.

---

[3] By this time, there was a final order in the Oakland County case establishing that Pierce Martin had received valid approval to occupy and use the disputed common element space. See *Joel Dorfman v Pierce Martin, LLC,* unpublished opinion per curiam of the Court of Appeals, issued September ___, 2017 (Docket No. 333428).

[4] The trial court noted that the Oakland County Circuit Court made its rulings after the Commission closed its file on the second violation. Nevertheless, the trial court reasoned that, given the apparent strength of the evidence that Pierce Martin obtained the necessary approval to occupy and use the common elements at issue, it was impossible to say that the Commission grossly abused its discretion by failing to move forward on the complaint.

II. ANALYSIS

Plaintiffs contend that the trial court abused its discretion by failing to issue a writ of mandamus compelling the Commission to initiate procedures to revoke Townhouse's liquor licenses. According to plaintiffs, the Commission failed to exercise its discretion, or exercised it arbitrarily and capriciously, when it declined to initiate revocation proceedings after learning that Townhouse had obtained liquor licenses without a valid lease and in violation of amendments to the condominium's master deed prohibiting the commercial sale and consumption of alcohol on common elements. We disagree.

We review a trial court's decision whether to issue a writ of mandamus for an abuse of discretion. *Lansing Sch Ed Ass'n v Lansing Sch Dist Bd of Ed (On Remand)*, 293 Mich App 506, 513; 810 NW2d 95 (2011). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Bay City v Bay County Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). We review de novo a trial court's determination of the existence and extent of a duty. *Id*. Likewise, any underlying issue of statutory interpretation is a question of law subject to de novo review. *In re MCI Telecom Complaint*, 460 Mich 396, 443; 596 NW2d 164 (1999).

A writ of mandamus is an extraordinary remedy and its issuance is discretionary with the court. *Lansing Sch Ed Ass'n (On Remand)*, 293 Mich App at 519. To obtain a writ of mandamus, a plaintiff must have a clear legal right to the performance of a specific duty sought to be compelled, the defendant must have a clear legal duty to perform it, the act is ministerial not discretionary, and the plaintiff must be without other adequate legal or equitable remedy. *Barrow v Detroit Election Comm*, 301 Mich App 404, 412; 836 NW2d 498 (2013). In addition, mandamus will lie "to require a body or an officer charged with a duty to take action in the matter, notwithstanding the fact that the execution of that duty may involve some measure of discretion." *Teasel v Dep't of Mental Health*, 419 Mich 390, 410; 355 NW2d 75 (1984). In other words, "mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner." *Teasel*, 419 Mich 410. The burden of proving entitlement to a writ of mandamus is on the plaintiff. *Barrow*, 301 Mich App at 411-412.

We conclude that the trial court did not abuse its discretion by dismissing plaintiffs' request for issuance of a writ of mandamus. See *Lansing Sch Ed Ass'n (On Remand)*, 293 Mich App at 513. The Commission exercises "complete control of the alcoholic beverage traffic" within Michigan. 1963 Const, Art 4 § 40; 1998 PA 58. It has the discretion to issue liquor licenses, MCL 436.1501(1), and to investigate violations of the liquor control code, MCL 436.1217(1). For violations of the liquor control code or of the rules promulgated under the code, the Commission may, upon notice and proper hearing, suspend or revoke a liquor license, and issue a fine in conjunction with or instead of either of these actions. MCL 436.1903(1); Mich Admin Code, R 436.1061. In the present case, as the trial court observed, the Commission investigated both complaints submitted to it against Townhouse. The first complaint challenged Townhouse's use and control of the common elements at issue by asserting that Townhouse had expanded the premises for which it was seeking approval after it filed its application for liquor licenses. The investigator found this complaint unsubstantiated and recommended closing the complaint and awaiting resolution of the issue of Pierce Martin's approval to use the common elements at issue in the case filed in the Oakland County Circuit Court. Plaintiffs cite no

-4-

authority in support of their implication that the Commission's wait-and-see approach was an improper exercise of discretion under the circumstances or that circumstances demanded the Commission initiate proceedings for revocation. Moreover, resolution of the case in the Oakland County Circuit Court affirmed Townhouse's right to use and control the common elements at issue.

With regard to the second complaint, the Commission investigated the complaint, concluded that it represented a potential violation, and sent a violation report to the Attorney General's office. Plaintiffs cite no authority for the proposition that the Commission should have initiated revocation proceedings despite the conclusions of the Attorney General's office that going forward was not warranted, nor for the proposition that the Commission's failure to proceed under the circumstances was so arbitrary and capricious as to constitute a total failure to exercise discretion. In addition, the order of the Oakland County Circuit Court establishing that Pierce Martin obtained approval to occupy and use the common elements and that the approval given did not violate the condominium documents' lease requirements or second amendment to the master deed removed the factual predicate upon which plaintiffs base their allegations that Townhouse violated the liquor control code.[5]

Further, even if the Commission had decided to go forward with the complaint, plaintiffs cite no authority for their position that the Commission was obligated to initiate revocation procedures. Not only does the Commission have the discretion to investigate alleged violations of the liquor control code, but it also has the discretion to select a mechanism of enforcement other than revocation or refusal to renew a license. MCL 436.1903(1); Mich Admin Code, R

---

[5] Apart from the effect of the Oakland County Circuit Court's orders, nothing in the condominium documents give the association the authority to declare a lease "invalid." At best, the documents authorize the association to notify the lessor of any offending provisions in the lease and, if said provisions go uncorrected, to initiate proceedings for the lessee's eviction. Bylaws, Art VI, § 2. Plaintiffs have not presented evidence indicating that they pursued the options afforded them by the condominium documents. Therefore, plaintiffs arguably either waived the alleged violations, or, if they did pursue their options, were unable to substantiate them in eviction proceedings. In addition, the Commission did not condition approval of Townhouse's liquor licenses on receipt of a lease approved by the association, but on receipt of a "fully executed" lease. Plaintiffs have presented no evidence indicating that Townhouse failed to meet this criterion. With regard to the master deed's second amendment, MCL 559.212(1) provides that such amendment "shall not affect the rights of any lessors or lessees under a written lease otherwise in compliance with this section and executed before the effective date of the amendment." Townhouse executed its lease with Pierce Martin on January 1, 2011, more than a year before the August 2012 approval of the amendment. To the extent that plaintiffs based their assertion that the statute is inapplicable because Townhouse's lease with Pierce Martin is not "otherwise in compliance with this section," their argument is unpersuasive. The condominium documents adopt the provisions and remedies set forth in MCL 559.212 to govern the leasing of condominium units, and, plaintiffs have presented no evidence that they availed themselves of these remedies or substantiated any alleged violations of the condominium documents.

436.1061. Although the Commission is statutorily required in some instances to revoke a license, see e.g., MCL 436.1903(1), plaintiffs have presented no authority in support of their assumption that their allegations present one such instance. In other words, plaintiffs have not met their burden to prove that the Commission has a clear legal duty to perform the specific duty plaintiffs seek to compel. *Barrow*, 301 Mich App at 412. Thus, even if the trial court had erred in its conclusion regarding the Commission's exercise of discretion, plaintiffs' failure to establish this element necessary for issuance of a writ of mandamus would provide an alternative basis for affirming the trial court's order granting summary disposition to the Commission.

## III. CONCLUSION

We conclude that the trial court did not abuse its discretion in dismissing plaintiffs' request for a writ of mandamus on grounds that they did not establish that the Commission failed to exercise its discretion, or that it acted so capriciously and arbitrarily "as to evidence a total failure to exercise discretion." *Bishoff v Wayne Co*, 320 Mich 376, 386; 31 NW2d 798 (1948) (quotation marks and citation omitted). We also note that dismissal of plaintiffs' request for a writ of mandamus was appropriate because plaintiffs did not meet their burden to establish that the Commission have a clear legal duty to perform the specific duty sought, i.e., initiation of revocation proceedings. *Barrow*, 301 Mich App at 412. In light of the foregoing, we need not address intervening defendants' alternative grounds for dismissal.

Affirmed.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Michael J. Riordan