*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHLEEN HAAG and GAVIN HAAG,

        Plaintiffs/Counterdefendants-
        Appellants,

v

CITY OF DEARBORN,

        Defendant/Counterdefendant-
        Appellee,

and

MIKE SHEHADI,

        Defendant/Counterplaintiff

UNPUBLISHED
January 22, 2025
10:49 AM

No. 368569
Wayne Circuit Court
LC No. 22-009067-CH

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Plaintiffs/counterdefendants-appellants Gavin and Catherine Haag (plaintiffs) appeal by right from the stipulated order, entered by the trial court on October 21, 2023, dismissing defendant/counterplaintiff Mike Shehadi's counterclaim and closing the case. On appeal, plaintiffs challenge the trial court's earlier order granting defendant City of Dearborn's (the city) motion for summary disposition and dismissing plaintiffs' claims. We affirm but remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Because the trial court granted the city's motion for summary disposition based on the pleadings alone, see MCR 2.116(C)(8), the factual background of this case is taken primarily from plaintiffs' amended complaint. Plaintiffs and Shehadi are residents of Dearborn. At some point prior to the filing of the complaint, Shehadi purchased a parcel of land on Cherry Hill Street and sought to build a home on the property. Plaintiffs are nearby neighbors. According to plaintiffs,

the city had "previously assured" them that storm water runoff from Shehadi's property would not be directed into the public storm drains along Cherry Hill, but that they had "reason to believe Dearborn has changed course and will allow Shehadi to access the storm drain along Cherry Hill rather than maintain its runoff on site." Plaintiffs contend that Shehadi had submitted a storm water plan to the city indicating that storm water runoff from his property would be directed to public storm water drains, and, although the plan had not been approved, "it was indicated" to plaintiffs by city employees that the plan would be approved.

Plaintiffs filed a complaint in August 2022 against Shehadi and the city, asserting a claim of negligence against Shehadi and seeking declaratory relief. The complaint also requested a temporary restraining order (TRO) forbidding construction from starting on the property until Shehadi could "show proof that it [sic] is maintaining its storm water runoff on site." Shehadi filed a counterclaim against plaintiffs, asserting malicious prosecution, intentional infliction of emotional distress, tortious interference with contracts and business relationships and expectancies, abuse of process, and civil conspiracy, as well as alleging that plaintiffs' action was frivolous. The city subsequently moved for summary disposition under MCR 2.116(C)(8), arguing in part that plaintiffs had not alleged an actual case and controversy and that their claim for declaratory relief was not ripe. According to the parties, the trial court denied plaintiffs' request for a TRO at an August 12, 2022 show-cause hearing, although the trial court's register of actions does not indicate that a hearing was held on that date.

Plaintiffs filed an amended complaint in September 2022; in relevant part,[1] plaintiffs added a claim of gross negligence against defendants, alleging that both Shehadi and the city were aware that the proposed storm water plan would cause "more frequent and catastrophic flooding to Plaintiffs [sic] properties," that alternative options for storm water disposal existed, that defendants had refused to consider those options, and that their failure to do so was "so willful and wanton that it shocks the conscience of an ordinary, prudent person." Shehadi also filed a motion for summary disposition under MCR 2.116(C)(8) and (10).

In October 2022, plaintiffs moved for an immediate injunction in the trial court, stating in relevant part that they had recently learned that the city had approved Shehadi's stormwater drainage plan.[2] Also in October 2022, the city filed and served a notice of hearing indicating that its motion for summary disposition would be heard on November 17, 2022. Shehadi's motion for summary disposition was scheduled for hearing at the same time. The record provided to this Court does not contain a transcript of any hearing held on November 17, 2022. However, in January 2023, the trial court entered an order granting the city's motion for summary disposition (as well as Shehadi's). That order stated that "all of Plaintiffs' counts in their amended complaint

---

[1] Plaintiffs also added claims for civil conspiracy and public and private nuisance and, as noted, added additional plaintiffs (other nearby neighbors of the Cherry Hill property) to the action.

[2] It does not appear from the record provided to this Court that the trial court ever explicitly ruled on this motion.

is [sic] hereby dismissed with prejudice for the reasons stated on the record on November 17, 2022."[3]

Plaintiffs filed a motion for reconsideration in February 2023.[4] For reasons that are unclear from the record, that motion remained pending for several months. In June 2023, plaintiffs filed a motion to dismiss Shehadi's counterclaim. At a hearing held on that motion in October 2023, the parties stipulated to the dismissal of Shehadi's counterclaim as well as the withdrawal of plaintiffs' motion for reconsideration and the waiver of plaintiffs' right to appeal the dismissal of their claims against Shehadi. The trial court entered a stipulated order as described, closing the case. This appeal followed. On appeal, plaintiffs challenge only the trial court's grant of summary disposition with respect to their claim of gross negligence against the city.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); see also MCR 2.116(G)(5). In analyzing a pleading under MCR 2.116(C)(8), a court must take all well-pleaded factual allegations as true, see *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019), and construe them in the light most favorable to the nonmoving party, see *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Only factual allegations, not legal conclusions, are to be taken as true. See *Lansing Sch Ed Assoc, MEA/NEA v Lansing Sch Dist Bd of Ed (On Remand)*, 293 Mich App 506, 519; 810 NW2d 95 (2011). A motion under MCR 2.116(C)(8) must be granted if no factual development could justify the claim for relief. *Bailey v Schaaf*, 494 Mich at 603. When reviewing a trial court's decision on a motion for summary disposition, this Court will not consider evidence that had not been submitted to the trial court at the time the motion was decided. *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024); slip op at 6 (quotation marks and citation omitted).

We review de novo a trial court's determination whether an actual controversy exists that is ripe for adjudication. *King v Mich State Police Dep't*, 303 Mich App 162, 188; 841 NW2d 914 (2013).

## III. ANALYSIS

Plaintiffs argue that the trial court erred when it granted the city's motion for summary disposition regarding plaintiffs' gross negligence claim. We disagree.

---

[3] We recognize that the city's motion for summary disposition was filed before plaintiffs filed their amended complaint. However, we conclude that the issues presented in this appeal were squarely before the trial court in its consideration of defendants' motions for summary disposition.

[4] The original trial judge, Hon. Patricia Fresard, signed the order of dismissal; the case (at that point consisting only of Shehadi's counterclaim) proceeded thereafter under the Hon. Brian L. Sullivan.

At the outset, we disagree with the city's assertion that this Court lacks jurisdiction over plaintiffs' appeal because it was not taken from a final order. This Court has jurisdiction over an appeal from a "final judgment or final order of the circuit court." MCR 7.203(A)(1). MCR 7.202(6)(a)(i) defines a "final order" as including the "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]" MCR 7.202(6)(a)(i). In actions involving multiple claims or parties, an order "adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties," and it therefore is not a final order appealable by right. MCR 2.604(A). Moreover, "a party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009).

The city correctly notes that the trial court's January 17, 2023 order dismissing plaintiffs' claims was not a final order; that order did not resolve all of the claims in the case and did not terminate the action because Shehadi's counterclaim remained open until the entry of the October 21, 2023 stipulated order. However, plaintiffs filed a timely motion for reconsideration of the earlier dismissal order, which was not resolved until the October 21, 2023 stipulated order was entered. And the October 21, 2023 stipulated order was a final order. "[A] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009). The claim of appeal was filed within 21 days of the stipulated order; accordingly, we conclude that plaintiffs have taken a timely appeal by right in this matter. MCR 7.204(A)(d).

That being said, we conclude that the city's motion for summary disposition was properly granted. We disagree with plaintiffs' argument that the motion was granted prematurely. Although plaintiffs argue that the trial court "made clear that it was dismissing all claims under both MCR 2.116(C)(8) and (10)," we find no support for that statement on the record. The city's motion was brought under MCR 2.116(C)(8), which is decided by reference to the pleadings alone. *Bailey*, 494 Mich at 603. The trial court was not required to wait until the close of discovery to rule on such a motion.

We also disagree with plaintiffs' argument that they pleaded a valid claim for gross negligence. Gross negligence, in the context of torts allegedly committed by government agencies or their employees, is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). A claim for gross negligence must also establish the elements of ordinary negligence, i.e., duty, breach, causation, and damages. See *Cummins v Robinson Twp*, 283 Mich App 677, 692; 770 NW2d 421 (2009). Causation is an essential element of every civil claim, and may not be based on mere speculation. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 217-218; 761 NW2d 293 (2008). Damages are an essential element of a tort claim. *Lumley v Univ of Mich Bd of Regents*, 215 Mich App 125, 130; 544 NW2d 692 (1996). A cause of action accrues "when all the elements of the claim have occurred and can be alleged in a proper complaint." *Lumley*, 215 Mich App at 130.

In plaintiffs' amended complaint (even if considered to have been timely filed), they alleged with regard to their gross negligence claim that the city was "aware that the storm water plan will cause more frequent and catastrophic flooding to Plaintiffs [sic] properties," and that the city had refused to consider alternative options for dealing with storm water on Shehadi's property,

despite such methods being available. Plaintiffs alleged that this conduct was willful and wanton. But plaintiffs did not allege any damages—rather, they merely asserted that damages would occur in the future *if* Shehadi's plan as proposed was adopted, Shehadi's house was built, and storm water were subsequently to actually flood plaintiffs' property. These allegations, even viewed in the light most favorable to plaintiffs, fail to satisfy the damages element of their claim. *Lumley*, 215 Mich App at 130.

Moreover, although plaintiffs argue in their reply brief that they could maintain a claim for declaratory relief without damages, plaintiffs did not challenge the trial court's dismissal of their claim for declaratory relief in their main appeal brief; raising an issue for the first time in a reply brief does not properly present it for appeal. MCR 7.212(G); *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). Even if the issue of declaratory relief were properly before us, we would hold that the trial court properly dismissed plaintiffs' request for a declaratory judgment. Although a party need not have incurred monetary damages before seeking a declaratory judgment, they must demonstrate the existence of an actual controversy ripe for adjudication. MCR 2.605(A)(1), *PT Today, Inc v Comm'r of OFIR*, 270 Mich App 110, 127; 715 NW2d 398 (2006). In other words, declaratory relief is not a method by which a court may decide hypothetical issues. *Shavers v Kelley*, 402 Mich 554, 589; 267 NW2d 72 (1978). "Generally, where the injury sought to be prevented is merely hypothetical, a case of actual controversy does not exist." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 55; 620 NW2d 546 (2000). In this case, plaintiffs conjectured that if the proposed storm water plan was adopted and Shehadi's house was built, and if it rained a sufficient amount, their basements would suffer increased flooding. These assertions are the essence of hypothetical—they set forth a *possible* controversy that may arise in the future, based on contingent, uncertain events that may or may not occur. The trial court did not err to the extent that it granted the city's motion regarding plaintiffs' claim based on plaintiffs' failure to plead actual damages or an actual controversy ripe for adjudication.

In addition, plaintiffs have merely stated a legal conclusion that the city's approval of a storm water plan, even if that approval were to subsequently cause flooding in neighboring properties, can amount to conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. We find it doubtful, to say the least, that a municipality's mere approval of a storm water plan, even if that approval was causally linked to a subsequent increase in flooding, could rise beyond the level of ordinary negligence. See *Bellinger v Kram*, 319 Mich App 653, 660; 904 NW2d 870 (2017) (noting that a defendant's failure to take additional precautions to prevent injury is generally insufficient to show gross negligence).[5]

---

[5] We note also that plaintiffs never named any city officials or employees to whom plaintiffs attributed the allegedly grossly negligent conduct. Generally, the issue of gross negligence arises when determining whether a suit against a governmental employee, rather than a governmental agency, may proceed. See MCL 691.1407(2). Because plaintiffs clearly failed to state a claim for which relief could be granted, and any amendment to the complaint to add individual employees or officials of the city would be futile, we need not consider the issue further. See *Ghanam v Does*, 303 Mich App 522, 543; 845 NW2d 128 (2014).

We affirm, but deem this appeal to be so lacking in any reasonable basis for a belief that there was a meritorious issue to be determined on appeal as to constitute a vexatious proceeding under MCR 7.126(C); accordingly, we remand to the trial court for a determination of actual damages. See MCR 7.216((C)(2). As the prevailing party, the city may tax costs. MCR 7.219(A)(1). We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young