*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

CATHY M. GARRETT and WAYNE COUNTY
BOARD OF COMMISSIONERS,

        Defendants-Appellees.

UNPUBLISHED
November 20, 2024
10:14 AM

No. 369115
Wayne Circuit Court
LC No. 23-006631-AW

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff Robert Davis alleged that defendants violated the state constitution and state law by appointing a deputy county clerk to act in place of defendant Cathy M. Garrett ("Garrett"), the Wayne County Clerk, to serve as the clerk to defendant Wayne County Board of Commissioners ("the Commission"). Plaintiff requested that the trial court issue a declaratory judgment and writ of mandamus to require Garrett to act as the clerk for the Commission and provide access to the Commission's records through her office. The Commission moved for summary disposition on multiple grounds, and Garrett concurred with the Commission's arguments. The trial court granted summary disposition in favor of defendants because plaintiff lacked standing, MCR 2.116(C)(5), and because he failed to state a claim upon which relief could be granted, MCR 2.116(C)(8).[1] Plaintiff appeals as of right. We affirm.

## I. FACTS

MCL 46.4 provides that a county clerk is required to serve as the clerk for the county's board of commissioners. However, in larger counties, a clerk can appoint a deputy clerk to perform official acts on behalf of the clerk, MCL 45.41. Given the population of Wayne County, for many years, its county clerk and the Commission agreed that a deputy clerk would be assigned to perform

---

[1] The trial court also granted summary disposition under MCR 2.116(C)(10), but that ruling applied to a claim that plaintiff has abandoned on appeal.

-1-

the duties of clerk to the Commission.  In April 2023, Garrett and the Commission entered into an agreement (the "MOU") to appoint Pamela Lane, a deputy clerk, to serve as the clerk to the Commission in Garrett's place:

MEMORANDUM OF UNDERSTANDING WITH RESPECT TO THE
POSITION OF CLERK TO THE WAYNE COUNTY COMMISSION

The Office of Wayne County Clerk, by and through Cathy M. Garrett, Wayne County Clerk, and the Wayne County Commission, by and through Alisha R. Bell, Chair of the Wayne County Commission, ("collectively, the parties"), for consideration, the sufficiency of which is acknowledged, agree upon this Memorandum of Understanding, as follows:

The Office of Wayne County Clerk and the Wayne County Commission acknowledge their respective legal positions regarding the position of Clerk to the Wayne County Commission, including but not limited to MCL 46.4 and Wayne County Charter Section 3.115(10), respectively; and

Through course of practice following the adoption of the Wayne County Charter, the parties have harmonized their respective legal positions with respect to the day-to-day operation of the position of Clerk to the Wayne County Commission, without prejudice to either the Office of Wayne County Clerk and the Wayne County Commission; and

The parties continue to acknowledge and agree that to the extent required by law, pursuant to MCL 45.41[,] Pamela Lane is appointed as a deputy county clerk to act solely as Clerk for the Wayne County Commission and will continue performing the duties associated therewith, subject to the supervision [of] the Wayne County Commission and as a participant in the Legislative version of the Executive Benefit Plan; and

This Memorandum of Understanding is intended to promote continued cooperation between and efficiencies for the Office of Wayne County Clerk and the Wayne County Commission, and to avoid the time, cost and uncertainty of litigation concerning their respective legal positions as to the position of Clerk to the Wayne County Commission.

Plaintiff claimed that as a result of Garrett assigning her duties to the deputy clerk, he was unable to obtain the Commission's records through the county clerk's office.  In sum, plaintiff filed this action to enforce Garrett's obligation to serve as the Commission's clerk, which would make the Commission's records available through the county clerk's office.

The Commission first moved for summary disposition of plaintiff's complaint on the ground that the trial court lacked jurisdiction over this matter when plaintiff did not have standing.

Plaintiff amended his complaint, adding a claim requesting a writ of mandamus, because he believed that the Commission was not complying with its reporting requirements and making its reports available to the public through Garrett's office. The Commission again moved for summary disposition, also arguing that plaintiff lacked standing. In addition, the Commission argued that plaintiff failed to state a claim upon which relief could be granted in Count III of his amended complaint, entitling the Commission to summary disposition under MCR 2.116(C)(8). Garrett concurred in both motions for summary disposition.

The trial court agreed that both defendants were entitled to judgment in their favor because plaintiff lacked standing, and the court also concluded that he failed to state a claim upon which relief could be granted involving the underlying merits of his claims, MCR 2.116(C)(5) and (8).

## II. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred in granting summary disposition in favor of defendants on Counts I, II, and III of his complaint, as amended. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court appeared to grant the motion under MCR 2.116(C)(8), for failure to state a claim upon which relief could be granted, limited to Count III. A motion under this subrule tests the legal sufficiency of the claim on the basis of the factual allegations in the complaint. *El-Khalil*, 504 Mich at 159. The trial court must accept all factual allegations as true and decide the motion on the pleadings alone. *Id*. at 160. The motion may be granted only when "a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

Although defendants only requested summary disposition of Count III under MCR 2.116(C)(8), the trial court appeared to address the merits of Counts I and II also to determine if plaintiff has standing to pursue those claims. Furthermore, as explained in Part III, a motion for summary disposition on the ground that the plaintiff lacks standing must be reviewed under MCR 2.116(C)(8) or (10). See *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494-495 n 2; 948 NW2d 452 (2019). Accordingly, we review whether summary disposition was appropriate on all three counts under MCR 2.116(C)(8), for failure to state a claim upon which relief could be granted.

In Count I, plaintiff requested a declaratory judgment because he submitted a request for certified copies of documents from the Commission to Garrett. However, Garrett's office was unable to provide those documents because Garrett does not act as the clerk to the Commission, but Lane, a deputy clerk, has been appointed to that position, per the MOU. Plaintiff argues that the MOU violates Const 1963, art 7, § 4 and MCL 46.4. Consequently, the MOU is void and unenforceable. He similarly claims that Wayne County Charter, § 3.115(10), is void because it also conflicts with Const 1963, art 7, § 4 and MCL 46.4.

Const 1963, art 7, § 4 provides that

[t]here shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be provided by law. The board of supervisors in any

county may combine the offices of county clerk and register of deeds in one office or separate the same at pleasure.

Const 1963, art 7, § 4, thus implies that the Legislature set the duties and powers for county clerks, and MCL 46.4 addresses some of those duties:

The county clerk of each county, or in his absence his deputy, shall be the clerk of the board of supervisors of such county. It shall be the duty of such clerk:

First, To record all the proceedings of such board in a book provided for that purpose;

Second, To make regular entries of all their resolutions and decisions upon all questions;

Third, To record the vote of each supervisor on any question submitted to the board, if required by any member present;

Fourth, To preserve and file all accounts acted upon by the board, and on no account to allow such accounts to be taken from his office;

Fifth, To certify, under the seal of the circuit court of his county, without charge, copies of any and all resolutions or decisions on any of the proceedings of such board, when required by such board or any member thereof, or when required by any other person upon payment of 6 cents per folio therefor; and such certificate shall be prima facie evidence of the matters therein set forth;

Sixth, To perform such other and further duties as such board may, by resolution, require.

Plaintiff contended in Count I that the Commission was required to follow MCL 46.4 and have Garrett act as its clerk, rather than appointing Lane as the Commission's clerk. While Wayne County adopted a charter form of government, plaintiff argues that MCL 45.514(1)(g)[2] provides that Wayne County cannot avoid MCL 46.4, even if its charter provides otherwise. For this reason,

---

[2] MCL 45.514(1)(g) provides as follows:

(1) A county charter adopted under this act must provide for all of the following:

* * *

(g) That the general statutes and local acts of this state regarding counties and county officers will continue in effect to the extent that this act permits the charter to provide otherwise, if the charter does in fact provide otherwise.

plaintiff also argues that Wayne County Charter, § 3.115(10), violates MCL 46.4. Section 3.115(10) provides as follows:

> Powers and duties of the Commission shall be exercised by ordinance if required by law or this Charter; otherwise they may be exercised by resolution. In addition to other powers and duties prescribed in this Charter, the Commission may:

> * * *

> (10) Appoint and, within authorized appropriations, provide compensation for employees of the Commission. The Commission shall appoint a Commission Clerk who shall be responsible for maintaining official records of the Commission and other duties prescribed by the Commission. The Commission Clerk may be removed by a majority of Commissioners serving.

The rules of statutory construction require that a court discern and give effect to the intent of the Legislature. *Kostadinovski v Harrington*, 511 Mich 141, 150; 999 NW2d 318 (2023). If the language of a statute is unambiguous, this Court must enforce the statute as written because the Legislature must have intended the meaning clearly expressed and no further judicial construction is permitted. *Id.*

The Commission argues that MCL 46.4, MCL 46.9, and MCL 46.416, do not apply to it because Wayne County is a charter county, formed under the charter counties act, MCL 45.501 *et seq.*, and these statutes apply only to county boards of commissioners under the county commissioners act (CCA), MCL 46.1 *et seq*. We decline to affirm the trial court's decision on this ground. Plaintiff's primary claim in Count I is that the MOU is void and unenforceable. However, the MOU expressly references MCL 46.4. Because defendants have acknowledged following MCL 46.4 when appointing Lane to serve as the Commission's clerk, we cannot accept the Commission's claim that MCL 46.4 and other related statutes do not apply to it because it operates pursuant to the charter counties act. For this reason, we presume, without deciding, that MCL 46.4 applies to defendants in this appeal only. We leave the issue of whether the CCA applies to charter counties for another case where the issue would be outcome-determinative.

In the MOU, the Commission specifically acknowledged MCL 46.4 obligated Garrett to serve as the Commission's clerk. However, Garrett and the Commission agreed, pursuant to Wayne County Charter, § 3.115(10), and MCL 45.41, that Lane was appointed to act as the clerk for the Commission. MCL 45.41 provides as follows:

> In all counties of this state having a population of more than 50,000 where it is provided by law that the county treasurer, county clerk and register of deeds shall receive salaries in lieu of fees, each of said officers may appoint a deputy or deputies who may perform all the official acts which the officer making such appointment might legally do, and who shall be paid therefor from the general fund of the county, such salaries as the board of supervisors of the county shall determine.

The trial court concluded that the plain and unambiguous language of the relevant statutes permitted the appointment of a deputy clerk to serve as the clerk of the Commission. Therefore,

the court ruled that plaintiff was not entitled to declaratory relief under MCR 2.605(A)(1) in Count I. He also was not entitled to mandamus relief requested in Count II because plaintiff had no clear, legal right to the performance of a specific duty sought when Wayne County Charter, § 3.115(10), also complies with the relevant statutes and defendants agreed that a deputy clerk could serve as the clerk of the Commission for about the past 40 years.

On appeal, plaintiff appears to agree that Garrett had the authority to appoint Lane as a deputy clerk to assume some of her duties, as provided for in MCL 45.41. Instead, plaintiff argues that the MOU and Wayne County Charter, § 3.115(10), authorize the Commission to supervise Lane as its clerk. Plaintiff argues that the MOU and § 3.115(10) are unenforceable because they violate Const 1963, art 7, § 4, and MCL 46.4, by allowing Lane to act as the Commission's clerk and allowing the Commission to supervise Lane.

The Commission is obligated to follow laws adopted by the Legislature, and it cannot adopt provisions in its charter that conflict with those laws. See *O'Hara v Wayne Co Clerk*, 238 Mich App 611, 613-614; 607 NW2d 380 (1999), citing Const 1963, art 7, § 2. Plaintiff's argument is centered on the claim that nothing in MCL 46.11 allows a county commission to appoint its own clerk when the Legislature again has designated the county clerk to act as the Commission's clerk in MCL 46.4. A county board is afforded certain executive powers to manage its affairs, which can include employment matters. See MCL 46.11. Plaintiff bases his argument on the fact that MCL 45.41 vests the authority solely in Garrett to appoint a deputy to assume or assist in performing her duties. Plaintiff therefore believes that only Garrett could appoint Lane to act in her place as the clerk to the Commission. In contrast, Wayne County Charter, § 3.115(10), states that it is for the Commission to appoint its clerk and the Commission can remove that individual by a majority vote.

In entering into the MOU to appoint Lane as the Commission's clerk, the Commission and Garrett both acknowledged that any appointment of the Commission's clerk must be made through Garrett, as provided by MCL 45.41. In sum, Wayne County Charter, § 3.115(10), cannot be considered in isolation, but that section acknowledges that the powers exercised by the Commission are subject to other laws, such as Const 1963, art 7, § 4, MCL 46.4, and MCL 45.41. It is apparent that the Commission has recognized its limited authority to appoint its own clerk when that appointment must actually originate from Garrett, not the Commission. Once Garrett makes a recommendation for someone to assume the role of commission clerk in her stead, the Commission has a limited role and can either accept that recommendation or, alternatively, its only option is to enforce MCL 46.41 and require that Garrett fulfill the duties herself. Because the MOU incorporates the limits on the Commission's authority to name its own clerk and left that appointment to Garrett, plaintiff cannot prove that the appointment of Lane violates Const 1963, art 7, § 4, or MCL 46.41. On the merits, plaintiff has not shown that he can prove the allegations made in Count I of his second amended complaint.

For both Counts II and III, plaintiff argued that he proved that he was entitled to a writ of mandamus. The purpose of a writ of mandamus is to enforce duties created by the law where the law has not established a specific remedy, but "in justice and good government, there should be one." *State Bd of Ed v Houghton Lake Community Schs*, 430 Mich 658, 667; 425 NW2d 80 (1988). To obtain a writ of mandamus, the plaintiff must show that "(1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3)

-6-

the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Taxpayers for Mich Constitutional Gov't v State of Mich*, 508 Mich 48, 81-82; 972 NW2d 738 (2021) (quotation marks and citation omitted). A ministerial act is defined as one in which the law prescribes and defines the duty to be performed with precision and certainty, such that there is no need for the exercise of discretion or judgment. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58; n 11; 832 NW2d 728 (2013).

In Count II, plaintiff alleged that if the trial court agreed to grant him the declaratory relief he requested in Count I, it would be appropriate for the court to issue a writ of mandamus to require Garrett to assume and exercise her duties as clerk to the Commission, MCL 46.4. Plaintiff relies on the same substantive argument made in support of Count I. Because there was no error with the trial court's ruling on the merits of Count I, as discussed above, there is no basis for plaintiff to claim that only Garrett may fulfill the role of clerk to the Commission. Plaintiff cannot prove that Garrett must act as the clerk to the Commission when she is permitted to appoint someone to act in her place to assist the Commission. For this reason, plaintiff is not entitled to a writ of mandamus. Accordingly, the trial court did not err in ruling that plaintiff was not entitled to mandamus relief because he had no clear, legal right to performance of the duty sought when the applicable statutes are clear and unambiguous and defendants have followed those statutes.

In Count III, plaintiff alleged that he was entitled to a writ of mandamus against both defendants to require that the Commission make its reports and other records available for public inspection at the county clerk's office. Plaintiff alleged that he went to inspect the records in June 2023, but was told that no such records are kept by Garrett. He alleged that defendants failed to follow MCL 46.9(1) and (2), which provide as follows:

> (1) The county board of commissioners shall cause to be made out immediately after each session a report of the proceedings of the board at that session and shall do 1 of the following:
>
> (a) Publish the full report as soon as possible after each session in at least 1 well-established newspaper in the county or, if there is not a well-established newspaper in the county, in a newspaper published in a county adjacent to that county.
>
> (b) Publish a synopsis of the proceedings of the board as soon as possible after each session in at least 1 well-established newspaper in the county or, if there is not a well-established newspaper in the county, in a newspaper published in a county adjacent to that county. A statement shall be included within the synopsis that a full report is available from the office of the county clerk upon request.
>
> (c) Make the report available as soon as possible after each session in the office of the county clerk for public inspection and copying without charge, mail copies of the report upon request without charge, and advertise that the report is available from the office of the county clerk in at least 1 well-established newspaper in the county or, if there is not a well-established newspaper in the county, in a newspaper published in a county adjacent to that county.

(2) The board shall make available immediately after each session a report of receipts and expenditures which shall include a statement of the name of each claimant with the amount claimed and the amount allowed for that claimant, and a full statement of the amounts of the treasurer's account on the last settlement as found on the treasurer's balance sheet or account current to the last settlement. This report shall be available for public inspection and copying without charge at the office of the county clerk. The county clerk shall also send a copy of this report to the news media.

Plaintiff claimed that defendants failed to comply with the clear requirements of MCL 46.9(1) and (2), including publishing reports of the Commission's meetings and allowing for public inspection of its reports.

The underpinnings of plaintiff's claim in Count III mirror the arguments underlying Counts I and II. He is claiming in Count III that Garrett was required to fulfill the duties as clerk to the Commission and provide the documents included in MCL 46.9(1) and (2) at the county clerk's office. However, as previously discussed with regard to Count I, Garrett acted within her authority to appoint a deputy clerk to handle the duties of serving as clerk to the Commission in her place. Furthermore, the trial court agreed that the Commission makes its schedules and reports available on its website. Because the internet has made it much more convenient for the public to access the Commission's reports, it is apparent that plaintiff has no clear entitlement to enforce MCL 46.9 when he can obtain the Commission's reports through other means. Plaintiff has failed to show that defendants were not abiding by the requirements of MCL 46.9(1) and (2), such that the trial court should issue a writ of mandamus.

The trial court did not err by granting summary disposition in favor of defendants on the merits of plaintiff's Counts I, II, and III, for failure to state a claim upon which relief could be granted.

III. STANDING

Plaintiff also argues that it was error for the trial court to grant summary disposition in favor of defendants because he lacks standing.[3] Although the Commission moved for summary disposition on this issue under MCR 2.116(C)(4), lack of subject-matter jurisdiction, and the trial court granted the motion, in part, under MCR 2.116(C)(5), lack of legal capacity to sue, this issue should have been raised under MCR 2.116(C)(8) or (10). As recently explained by this Court in *Le Gassick*, 330 Mich App at 494-495 n 2, a motion for summary disposition due to a lack of standing should not be decided under MCR 2.116(C)(5):

Defendants moved for summary disposition pursuant to MCR 2.116(C)(5) and alleged that plaintiff did not have standing to pursue the litigation. Summary disposition is appropriate pursuant to MCR 2.116(C)(5) when the "party asserting

---

[3] The Commission properly preserved this issue by raising it in its first responsive pleading or motion. See *In re Gerald L Pollack Trust*, 309 Mich App 125, 153; 867 NW2d 884 (2015); MCR 2.116(D)(2).

the claim lacks the legal capacity to sue." However, the doctrine of standing is distinct from the capacity to sue, although the concepts are frequently conflated by parties. See *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 502; 776 NW2d 387 (2009). Even if the trial court grants summary disposition pursuant to the wrong subrule, we may review the issue in light of the correct subrule. *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 313; 696 NW2d 49 (2005). A motion for summary disposition premised on the doctrine of standing as a defense may be proper pursuant to MCR 2.116(C)(8) or MCR 2.116(C)(10) contingent upon the pleadings or other circumstances of the particular case. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No 2*, 309 Mich App 611, 620-621; 873 NW2d 783 (2015). Because the parties presented documentary evidence outside the pleadings, including the trust and Gift Agreement documents, and because the propriety of the distribution in accordance with the settlor's wishes is the subject of the litigation, we treat the motion as having been granted pursuant to MCR 2.116(C)(10). See *Mino v Clio Sch Dist*, 255 Mich App 60, 63 n 2; 661 NW2d 586 (2003).

See also *Pueblo v Haas*, 511 Mich 345, 354-355 n 3; 999 NW2d 433 (2023). Accordingly, we review the trial court's rulings on standing under MCR 2.116(C)(8).

"The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to 'ensure sincere and vigorous advocacy.' " *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (citation omitted). Standing involves whether a particular litigant is a proper party to request adjudication of an issue and not whether the issue is justiciable. *Id*. Therefore, one with a legal cause of action has standing. *Id*. at 372. One can also have standing under the requirements for a declaratory judgment under MCR 2.605, or

> [w]here a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Lansing Sch Ed Ass'n*, 487 Mich at 372.]

With regard to Count I, plaintiff argues that the trial court did not properly analyze his claim when the court did not review it under MCR 2.605 because Count I is an action for declaratory relief and MCR 2.605 is the court rule for declaratory judgments. In *Lansing Sch Ed Ass'n*, 487 Mich at 372-373, our Supreme Court suggested that a party seeking a declaratory judgment has standing if the requirements of MCR 2.605 are met, as opposed to determining if there is a legal cause of action. MCR 2.605(A)(1) provides as follows:

**(A) Power to Enter Declaratory Judgment**

> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

Plaintiff claims that he has standing by virtue of the fact there is an actual controversy under MCR 2.605(A)(1). We disagree. First, nothing with regard to the applicable statutes confers plaintiff with the right to challenge Garrett's decision to appoint a deputy clerk to work with the Commission in her place. Plaintiff is seeking to enforce statutes that have no means for allowing a citizen to bring an action to ensure they are followed.

This Court recently explained in *Mich Republican Party v Donahue*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 12-13, lv pending, that standing to bring a declaratory-judgment action is not substantively different from the test announced in *Lansing Sch Ed Ass'n*, 487 Mich at 372:

> We first consider whether plaintiffs are interested parties under MCR 2.605. "Generally, a party has standing if the party has a real interest in the cause of action or the subject matter of the cause of action." *Id*. [*T & V Assoc, Inc v Dir of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 361727), lv pending] ] at ___; slip op at 7. When considering standing in the context of MCR 2.605, "a party's interest is sufficient if the party has a legally protected interest that is in jeopardy of being adversely affected . . . ." *Id*. at ___; slip op at 6.

> Although it does not appear that this Court or the Supreme Court has offered a definitive statement, this Court's post-*Lansing-Sch* decisions indicate that the inquiry into whether a plaintiff has a sufficient interest to seek a declaratory judgment is not substantively different from the inquiry into whether a plaintiff can establish standing by showing a special injury, right, or substantial interest created by the statute. In *Lansing Sch*, the Court did not analyze whether the plaintiffs could fulfill the requirements to obtain a declaratory judgment and remanded the case to this Court for consideration of that issue. *Lansing Sch*, 487 Mich at 373. On remand, the *Lansing Sch* Court determined that the plaintiffs had an interest to seek a declaratory judgment on the basis that the Supreme Court had held that the plaintiffs had established a substantial interest in the enforcement of the statute at issue, without further inquiry. *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 517; 810 NW2d 95 (2011). In another case, employees of Central Michigan University (CMU) sought a declaratory judgment to stop a university policy from being implemented that would have restricted employees' rights to run for public office. *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 489-493; 815 NW2d 132 (2012). This Court held that the employees had standing to seek a declaratory judgment regarding the policy "because the university employees have a special and substantial interest in ensuring that the CMU officials' policies do not violate their statutory rights under the Act, and that interest is different from any rights or interests of the public at large." *Id*. at 497, citing *Lansing Sch*, 487 Mich at 372. Thus, this Court has used substantively the same language for determining whether a party has a sufficient interest to pursue a declaratory judgment as it uses to determine whether a party has standing to bring an action on the basis of having a special injury, right, or a substantial interest in the enforcement of a statute. Without deciding that one cannot show an interest sufficient to seek a declaratory judgment without also

meeting the requirements to show a special injury, right, or a substantial interest, it can be concluded that the inquiries are, at least, very similar.

Here, plaintiffs cannot show that they are interested parties who are entitled to a declaratory judgment. Plaintiffs do not have a legally protected interest in the enforcement of MCL 168.674(2) and MCL 168.765a(2) that is in jeopardy of being adversely affected that is different from the interest of the public at large. See *T & V Assoc*, ___ Mich App at ___; slip op at 6. Plaintiffs offer only cursory treatment regarding whether they have a sufficient interest to seek a declaratory judgment, and plaintiffs make a much more in-depth argument regarding standing on the basis of a special injury, right, or a substantial interest. Given the similarity of the inquiries regarding the two theories of standing, and given that we have already concluded that plaintiffs cannot establish that they have standing on the basis of a special injury, right, or a substantial interest, we conclude that plaintiffs are not interested persons for purposes of a declaratory judgement.

In conclusion, plaintiffs do not have standing to pursue a declaratory judgment regarding the enforcement of MCL 168.674(2) and MCL 168.765a(2). [Footnote omitted.]

Here, plaintiff cannot show that, even if there is an actual controversy over whether Garrett is required to serve as the clerk for the Commission, he is an interested party regarding that decision, as required by MCR 2.605(A)(1). The trial court also did not err in ruling that plaintiff cannot show a special injury or right, or a substantial interest, that will be detrimentally affected in a manner different from the citizenry at large. At most, plaintiff alleges that he personally attempted to obtain records of the Commission through Garrett's office and was unsuccessful. However, that does not distinguish his claim in Count I from the citizenry at large. He merely alleges that he, as a member of the public, could not see or obtain the records from the county clerk's office. Thus, he has failed to establish that he has standing to pursue Count I of his complaint for a declaratory judgment.

For Count II, plaintiff again argues that he has a special injury or a substantial interest as a result of the appointment of a deputy clerk as the Commission's clerk because he personally went to the county clerk's office to obtain and review records. However, that argument does not prove that he has been detrimentally affected in a manner different from the citizenry at large. *Lansing Sch Ed Ass'n*, 487 Mich at 372. Instead, all citizens are similarly affected by the appointment of a deputy clerk to handle the Commission's records, rather than having Garrett and her office oversee the records. Plaintiff has failed to show that the trial court erred in ruling that he also lacked standing to pursue Count II of his complaint.

As for Count III, plaintiff again has not shown error. The trial court explained that nothing in MCL 46.9 confers standing upon plaintiff. Plaintiff does not challenge that part of the court's decision. Instead, he focuses on defendants' obligations to follow the requirements of MCL 46.9 and how he has been personally harmed because he was unable to obtain copies of the Commission's records through Garrett's office. He claims that these factors show how he has suffered a harm that is distinct from the general public. The trial court properly rejected that argument.

As the trial court observed, plaintiff went to Garrett's office to seek the Commission's records, but that is consistent with the right of every county resident. Plaintiff simply has not explained how he was uniquely harmed by the alleged failure to follow MCL 46.9 to give him standing to enforce that statute by a writ of mandamus. The trial court did not err in dismissing this claim as well because plaintiff lacks standing.

For these reasons, defendants showed that Counts I, II, and III should all be dismissed because plaintiff does not have standing to bring his claims for a declaratory judgment and a writ of mandamus to enforce MCL 46.4 and MCL 46.9. The trial court properly granted summary disposition when plaintiff failed to state a claim upon which relief could be granted for all three counts, MCR 2.116(C)(8).

Finally, in Issues III and IV of his brief, plaintiff again challenges Wayne County Charter, § 3.115(10), and argues that he established an actual controversy to support his request for a declaratory judgment, MCR 2.605(A)(1). Because we have addressed these arguments in analyzing the above issues, we need not separately address these issues when they merely repeat plaintiff's arguments.

## IV. CONCLUSION

The trial court correctly granted summary disposition in favor of defendants. We affirm.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

-12-